**In re WINGERT (five cases).**

Nos. 5122–5126.

District Court, D. Maryland.

Jan. 24, 1938.

Miller Wingert, of Hagerstown, Md., for petitioners.

PARKER, Circuit Judge.

Application is made to me, as senior Circuit Judge, to designate a judge in place of Judge COLEMAN to hear five causes pending before him. It is alleged by petitioners that they filed a petition before Judge COLEMAN asking that he recuse himself from hearing the causes, for the reason that they desired to use him as a witness on the hearing, and that he denied their petition. No certificate of disqualification from Judge COLEMAN is presented to me, but, on the contrary, there is filed a certified copy of an order entered by him denying the petition.

It is perfectly clear that I, as senior Circuit Judge, have no power, under the circumstances presented, to designate another judge to act in place of Judge COLEMAN. I can make such designation only when furnished with a certificate of disqualification by the District Judge. When an affidavit of disqualification is filed, the District Judge, assuming the facts therein properly alleged to be true, must pass upon its legal sufficiency and certify his disqualification, if in his opinion it is legally sufficient. Chafin v. United States, 4 Cir., 5

484

F.2d 592; Morse v. Lewis, 4 Cir., 54 F.2d 1027. But error in this respect on the part of the District Judge may not be corrected by application to the senior Circuit Judge to exercise the power of designation vested in him by statute. The remedy is by appeal to the Circuit Court of Appeals from the final judgment in the cause. Minnesota & Ontario Paper Co. v. Molyneaux, 8 Cir., 70 F.2d 545, 547; McColgan v. Lineker, 9 Cir., 289 F. 253. In exceptional cases only, that court, but not a single judge thereof, may afford a remedy by mandamus or prohibition. In re Lisman, 2 Cir., 89 F.2d 898.

Petition denied.