Herman DUBNOFF, Petitioner-Appellant,

v.

Honorable David J. GOLDSTEIN, Referee in Bankruptcy in the United States District Court for the Northern District of New York, Respondent-Appellee.

No. 523, Docket 31229.

United States Court of Appeals Second Circuit.

Submitted June 27, 1967.

Decided Sept. 14, 1967.

Eli Gingold, Syracuse, N. Y. (Victor Levine, Syracuse, N. Y., on the brief), for petitioner-appellant.

Gorman & Waszkiewicz, Utica, N. Y. (Alexander H. Rockmore, New York City, on the brief), for respondent-appellee.

Before WATERMAN and SMITH, Circuit Judges, and LEVET,* District Judge.

LEVET, District Judge:

This is an appeal by Herman Dubnoff from an order of Judge Edmund Port of the Northern District of New York, dated March 10, 1967, which disposed of appellant's petition seeking an order (a) prohibiting the respondent, Hon. David J. Goldstein, Referee in Bankruptcy in the United States District Court for the Northern District of New York, from

---

* Of the Southern District of New York, sitting by designation.

acting any further in the proceedings on remand in McNellis v. Dubnoff, 367 F.2d 513 (2nd Cir. 1966) on the ground that the respondent-Referee was indirectly interested in said bankruptcy proceeding; (b) removing the said respondent for misconduct; and (c) granting such other and further relief as may be just and proper.

The primary basis alleged by appellant for the relief sought was that the Referee was claimed to have violated Title 11 U.S.C. § 67(b) (Section 39 of the Bankruptcy Act), providing that "Referees shall not * * * act in cases in which they are directly or indirectly interested * * *."

The violation of Section 67(b) alleged was that the Referee had authorized the appointment of the law firm of Smith & Sovik as special counsel for Phillip J. McNellis, Trustee in Bankruptcy of Donald S. Potter, a bankrupt, and that the Referee impliedly had an indirect interest in the case because of the benefits purportedly derived by his son by way of commissions on the sale of insurance policies to the Smith & Sovik firm.

This contention of Dubnoff consisted of allegations that prior to the trial on remand before the Referee, his attorney "heard" that the Sovik firm had purchased seven or eight years before from the respondent's son a group life insurance policy on the lives of the members of the Sovik firm, its staff and its employees consisting of "14 attorneys, 9 stenographers, a bookkeeper and a receptionist." (Pars. 9 and 10 of petition; Appellant's Appendix, 6a) Paragraph 16 of the petition alleged as follows:

"16. * * * that the premiums payable on the said group life insurance policy are very large, and that the respondent's son derives a large periodic income as his share of the said income, and this income will cease if the Sovik firm cancels said policy. * * *"

Paragraph 18 of the petition alleged as follows:

"18. The petitioner and his attorney have received information also that the respondent has been soliciting life insurance business for his son from lawyers actively practicing before the respondent and that this solicitation comes at a time when the lawyers are making applications for allowances."

At a hearing in the proceedings above mentioned on January 3, 1967, Victor Levine, Esq., counsel for Dubnoff, called this "information" to the attention of the Referee (see Minutes, Appellant's Appendix, 15a) and endeavored to submit evidence in reference to the sale of life insurance to the Sovik firm (Appellant's Appendix, 18a). To this end Levine examined Sovik, who answered three questions. At that point Sovik refused to answer further queries and was sustained by the Referee (Appellant's Appendix, 19a).[1]

The Referee thereupon commented: "Is there anything wrong with my son earning a living?" and directed Levine to move to disqualify him (Appellant's Appendix, 21a, 26a). In turn, Sovik, for some reason, threatened to prefer "charges" against Levine (Appellant's Appendix, 24a). Levine demanded a record of "all the details of that transaction." The Referee refused, saying: "If the Referee is disqualified, he isn't going to take any of this testimony. You get yourself another Referee. You asked for it" (Appellant's Appendix, 32a). Later in the hearing the Referee offered to take the testimony if Levine stipulated that the Court had a right to do so (Appellant's Appendix, 33a). After some scolding of Levine, the Referee stated that Levine might file an affidavit of disqualification (Appellant's Appendix, 35a) by Thursday (apparently January 5, 1967). By a letter written the same day, but after the hearing, the Referee directed that "the hearing" continue on January 6, 1967 and that appel-

---

1. Later at the hearing before the District Court it appeared that the Referee's son was about forty years of age, married, with children, and was a resident of Syracuse (Appellant's Appendix, 72a, 75a).

lant should file his affidavit (Appellant's Appendix, 7a, 8a).

On February 3, 1967, Judge Port, upon appellant's petition, signed an order requiring the Referee to show cause on February 13, 1967 why Dubnoff should not have the relief hereinabove mentioned (Appellant's Appendix, 3a–4a). Upon a countering petition of the Referee, dated February 6, 1967, Judge Port signed an order dated February 7, 1967 requiring Dubnoff to show cause on the same return date why the order to show cause signed for appellant on February 3, 1967 should not be vacated and "quashed" and the proceedings dismissed (Appellant's Appendix, 41a).

On February 13, 1967, lengthy arguments of the conflicting motions took place before Judge Port, and on March 10, 1967 the Judge signed a dispositive order which, in substance:

(1) vacated that part of the appellant's show cause order of February 3, 1967 which directed respondent-Referee to show cause why he should not be removed for misconduct;

(2) expunged from the District Court's records the portions of the appellant's motion with reference to that part of the show cause order of appellant dated February 3, 1967, relative to removal, which had been vacated in (1) above, and sealed all papers filed on both appellant's and appellee's said respective motions as to removal;

(3) denied appellee's motion insofar as it requested a vacation of the balance of appellant's order to show cause of February 3, 1967, but

(4) denied the motion of appellant to prohibit the Referee-appellee from acting because of "interest."

Unfortunately, the "hearing" before the Referee with respect to his alleged interest under Section 67(b) appears to have been halted by the Referee himself and, hence, never to have resulted in any definitive determination by the Referee.

■ The District Court filed no findings of fact, no conclusions of law and no opinion and only from an examination of the lengthy record of argument, from which we are forced to quote extensively, are we able to ascertain the Court's views. In a bankruptcy case, the scope of this Court's review is limited to the record and to that which was presented below. Fortner & Perrin, Inc. v. Smith, 327 F.2d 801, 809 (9th Cir. 1964). We are compelled to observe that the District Judge had an inadequate record before him since the Referee himself had limited it.

### I.

*Interest—Title 11 U.S.C. § 67(b)*

This section in its pertinent part is as follows:

"(b) Referees shall not * * * act in cases in which they are directly or indirectly interested * * *."

■ We agree with the two Circuits which have considered the matter that 28 U.S.C. § 144 referring to disqualification of a "judge" does not apply to disqualification proceedings brought against bankruptcy referees. Ginger v. Cohn, 255 F.2d 99 (6th Cir. 1958); Fish v. East, 114 F.2d 177 (10th Cir. 1940). See In re J. P. Linahan, 138 F.2d 650, 651 n. 3 (2nd Cir. 1943) in which we left open the question of the applicability of Section 144's predecessor to a special master. Even though Section 144 is not applicable by its terms, practice under that section is germane to a proceeding against a referee. See In re McFerren, 5 F.Supp. 180, 181 (E.D.Ill.1933); 2 Collier on Bankruptcy, ¶ 39.13 (1966).

■ Practices under Section 144 are as follows:

(1) The trial court has a duty to pass on the application and is required to assume the truth of the affidavit submitted if accompanied by counsel's certificate of good faith. Green v. Murphy, 259 F.2d 591, 593 (3rd Cir. 1958); Albert v. United States District Judge for Western District of Michigan, 283 F.2d 61 (6th Cir. 1960), cert. denied, 365 U.S. 828, 81 S.Ct. 713, 5 L.Ed.2d 706 (1961); Simmons v. United States, 302 F.2d 71, 75 (3rd Cir. 1962); United States v. Bell, 351 F.2d 868, 878 (6th Cir. 1965),

cert. denied, 383 U.S. 947, 86 S.Ct. 1200, 16 L.Ed.2d 210 (1966). See also United States v. Hoffa, 245 F.Supp. 772 (E.D. Tenn. 1965).

█ (2) A determination of a District Judge not to disqualify himself is ordinarily reviewable only upon appeal from a final decision on the cause in which the application by affidavit was filed. 28 U.S.C. §§ 144, 1291, 1292; Collier v. Picard, 237 F.2d 234 (6th Cir. 1956); Green v. Murphy, 259 F.2d 591 (3rd Cir. 1958); Rosen v. Sugarman, 357 F.2d 794 (2nd Cir. 1966). See also Freed v. Inland Empire Insurance Company, 174 F.Supp. 458, 465 (D.Utah 1959); Baltuff v. United States, 35 F.2d 507 (9th Cir. 1929).

No other tribunal is provided for the initial determination of "interest" of a referee under Section 67(b). The proof of any alleged "interest" perforce must be developed by affidavits or, if necessary, by testimony of witnesses or other evidence. Sovik presumably had knowledge of the alleged facts. The Referee closed the door to such elicitation from a witness by barring Levine from interrogation.

In respect to the "interest" problem, Judge Port commented to Levine: " * * * you wanted to examine concerning possible bias of the Referee * * * " (Appellant's Appendix 59a), and, again, addressing Levine, said: " * * * your purpose obviously and statedly so was to get this immaterial matter in the record so that a reviewing court would change the standard of affirming or reversing the Referee's findings as to whether or not the record supports it in the light of this extraneous evidence * * * " (Appellant's Appendix 60a).

Judge Port further stated that "the Referee has passed, I believe, on the question of his interest" [2] and "I am not concerned at this point with the merits, with what I should do as to the disposition of that, I am concerned as I was in the initial instance with whether or not the order to show cause which I granted bringing this matter on was improvident or illegal" (Appellant's Appendix, 63a–64a). Without stating reasons, the Judge indicated, however, that the questions asked by Levine at the hearing before the Referee were not in order (Appellant's Appendix, 79a).

Thus, the District Court implied that there was no dispute about the facts (Appellant's Appendix, 86a). The Judge said that the Referee had the burden of deciding, on the facts, whether there was interest (Appellant's Appendix, 90a). The District Court denied the request for an order of writ of prohibition or mandamus prohibiting the respondent-Referee from acting any further in the bankruptcy proceeding on the grounds of indirect interest.

█ It is our opinion that the Referee was required to take appellant's proof as to any alleged interest under Section 67(b), ordinarily to assume its factual truth and to rule on its legal sufficiency. This is, we believe, the duty of the Referee in the first instance as a trial tribunal, a duty which, though distasteful, may not be avoided.

We do not intend hereby to determine or to intimate the sufficiency or insufficiency of the totality of any facts which were submitted or which may be supplied with respect to alleged "interest." However, we believe that the appellant is entitled, under primary rules of judicial administration, to submit whatever appropriate proof he may have and to secure a definitive ruling by the Referee on its sufficiency.

█ The jurisdiction of the Court of Appeals in bankruptcy matters is governed by Title 11 U.S.C. § 47(a). Unless the order sought to be reviewed determines with finality any substantive issue in dispute, it is not reviewable. Dutch American Mercantile Corporation v. Eighteenth Ave. Land Co., 302 F.2d 636, 637 (2nd Cir. 1962).

---

2. We take a somewhat different view by reason of the truncated hearing.

Smith, C. J., in Lesser v. Migden, 328 F.2d 47, 48 (2nd Cir. 1964) wrote:

"* * * interlocutory orders entered in 'controversies arising in proceedings in bankruptcy' are not appealable without some jurisdictional basis, independent of the Bankruptcy Act. Hillcrest Lumber Co. v. Terminal Factors, Inc., supra [281 F.2d 323 (2 Cir. 1960)]. However, not every interlocutory order entered in a 'proceeding in bankruptcy' is automatically appealable. The order must dispose of some asserted right, and an order which is not 'a formal exercise of judicial power affecting the asserted rights of a party' is not appealable. 2 Collier on Bankruptcy 792 (14th ed. 1962)."

■ "It is clear that to be appealable an interlocutory order must have the character of a formal exercise of judicial power affecting the asserted rights of a party; that is, it must substantially determine some issue or decide some step in the course of the proceeding." 2 Collier on Bankruptcy, 14th ed. p. 792. This is not a final order nor is it such an interlocutory order as to be appealable.

■■ A writ of mandamus and prohibition ordinarily would not be appropriate under the facts of this case. Special circumstances are required. See Minnesota & Ontario Paper Co. v. Molyneaux, 70 F.2d 545 (8th Cir. 1934); In re Lisman, 89 F.2d 898 (2nd Cir. 1937); Korer v. Hoffman, 212 F.2d 211, 45 A.L.R.2d 930 (7th Cir. 1954). See also In re Wingert, 22 F.Supp. 483 (D.Md. 1938) (Parker, Circuit Judge). Cf. Occidental Petroleum Corporation v. Chandler, 303 F.2d 55 (10th Cir. 1962); United States v. Ritter, 273 F.2d 30 (10th Cir. 1959). In any event, the discharge of the rule for a writ of prohibition or writ of mandamus to prohibit a judge from proceeding in a cause on the ground of his alleged bias and prejudice would not relieve the judge from passing on the sufficiency of grounds for disqualification alleged in an affidavit. In re Greene, 160 F.2d 517 (3rd Cir. 1947).

Hence, the appeal from the District Court on the matter of "interest" must be dismissed. Since there was no right to appeal from the Referee's action, whatever it may have been, for review by the District Court, that Court is directed to remand the matter to the Referee for proceedings not inconsistent with this opinion.

## II.

### *Removal of the Referee*

With respect to the removal of a Referee, Title 11 U.S.C. § 62(b) provides in its relevant portions as follows:

"(b) Removal of a referee during the term for which he is appointed shall be only for incompetency, misconduct, or neglect of duty: * * * Any cause for removal in respect of any referee coming to the knowledge of the Director shall be reported by him to the judge or judges of the judicial district or districts in which such referee serves, and a copy of such report shall at the same time be transmitted to the council and to the referee. Such judge or judges may, upon receipt of such report, or upon their own motion, remove the referee for any one or more of the above mentioned causes; where there is more than one judge, such removal shall be by a concurrence of a majority of the judges, and where there is no such concurrence, then by the council. Before any order of removal shall be entered, except in the case of a part-time referee where the cause for removal is that his services are not needed, a full specification of the charges shall be furnished to the referee, and he shall be accorded by the removing judge or judges an opportunity to be heard on the charges."

■ The District Court properly decided that removal proceedings require either a proceeding and report initiated by the Director of the Administrative Office of the United States Courts or a motion of the court. Judge Port said: "* * * I don't think that a litigant under that Section can initiate such a

removal proceeding by a motion before the court * * *" (Appellant's Appendix, 54a–55a, 56a, 58a), indicating that an attorney who suggests that there is misconduct on the part of the Referee should submit the information to the Director of the Administrative Office (Appellant's Appendix, 57a). Judge Port thereupon vacated the show cause order insofar as it related to the request for an order for removal of the Referee (Appellant's Appendix, 57a–58a, 60a, 62a, 95 a). Levine appears to have agreed with the court in this disposition (Appellant's Appendix, 60a). Levine later said to the Court: "Your Honor will have no objection in the cause of expediency, for me to send the papers to the director." The Court answered: "I have no control over that" (Appellant's Appendix, 100a).

As appellant now concedes, he has, with Judge Port's permission, "sent all the papers" to the Director of the Administrative Office (of the United States Courts) and has received a reply, saying that the papers have been forwarded to the Attorney-General with a request for an appropriate investigation (Appellant's Brief, p. 7).

Although appellant has apparently acquiesced in the action suggested by the Court, we affirm the dismissal by the District Court.

 It is our belief that the removal proceedings specified in 62(b) may be instituted on the basis of information coming to the knowledge of the Director and reported by him to the judge or judges of the judicial district or districts in which said referee serves or (2) upon the motion of the judge or judges of the judicial district or districts in which said referee serves—in each case, however, only for incompetency, misconduct, or neglect of duty, and subject to the requirements as to specifications of the charges and to the right to be heard, as provided by statute. Such a proceeding is not an essential part of the matter which was set to be heard before the Referee. Consequently, we believe that the order of Judge Port on the

removal question was not interlocutory and, therefore, affirm.

### III.
#### Disqualification for Bias

 If it be assumed that appellant sought a disqualification of the Referee because of bias, no matter what method he may have used and without regard to the sufficiency of the proof, it does not appear at the time of the appellant's application to the District Court that the question was then reviewable, as we have above set forth, since it was not a final order and not an appealable interlocutory order and, hence, Judge Port was without power to then consider it. And by the same token, this Court has no authority to entertain any appeal from the District Court at this time.

### IV.
#### Appointment or Designation of Another Referee

Under Title 11 U.S.C. § 45(b), under certain circumstances a bankruptcy case may be transferred to another Referee. Title 11 U.S.C. § 45(b) is as follows:

"(b) The judge may, at any time, for the convenience of parties or for cause, transfer a case from one referee to another."

Although the Referee himself told appellant, "You get yourself another Referee. You asked for it" (Appellant's Appendix, 32a), the District Court seems to have been reluctant to consider this feature.

We conclude that this relief was requested under "such other and further relief" in the order to show cause. When Levine, before Judge Port, advocated the transfer of the matter in bankruptcy to another Referee, Judge Port commented: (1) That this was generally done on the basis of the residence of the parties (Appellant's Appendix, 70a, 71a); (2) That he would be "reluctant to order a new Referee in and to state to the lawyers in the district that all you need to do is charge a Referee with some unseeming [sic] contact and you will get the other Referee" and that he did not "propose to

set such a precedent" (Appellant's Appendix, 91a). Commenting further, Judge Port said: "I don't feel that the Court as a matter of precedent should grant that kind of discretionary relief * * *" (Appellant's Appendix, 93a).

 A request to the District Court to refer a bankruptcy case to another Referee under Section 45(b) is addressed to the Court's discretion. Benioff v. Wyman, 195 F.2d 440 (9th Cir. 1952).

 This feature of the order of the District Court is in no event appealable at this time. Hence, the appeal is dismissed.

## V.

### Expunging and Sealing

As heretofore stated, the District Court on February 3, 1967, at the instance of appellant, signed an order requiring the Referee-appellee to show cause "why an order should not be made or why a writ of prohibition or a writ of mandamus should not be issued * * removing the said respondent for misconduct" (Appellant's Appendix, 3a, 4a).

On February 7, 1967, the District Judge signed another order, requiring appellant to show cause "why the order to show cause dated February 3, 1967 should not be vacated and quashed and the above entitled proceedings dismissed and the papers pertaining thereto, be expunged from the Court's records" (Appellant's Appendix, 41a).

"The word 'expunge' is described as a term expressive of cancellation or deletion, implying not a legal act, but a physical annihilation." 35 C.J.S. p. 343. Since the order to show cause issued on February 3, 1967 upon filing became a Court record and since the show cause order of February 7, 1967 was addressed to it, we are forced to conclude that what the District Court intended by the word "expunged" was, in fact, "deleted" or "cancelled." Whether this was necessary or proper is not before us since neither the "expunging" or the "sealing" was argued in this appeal. In any event, since the decision of the District Court

as to removal is affirmed, no further determination of this feature is required.

To conclude:

(1) The appeal with respect to prohibiting the Referee-appellee from acting in the *Potter* bankruptcy case because of alleged interest under Section 67(b) is dismissed, but the District Court is directed to remand this matter to the Referee with instructions to proceed in a manner not inconsistent with this opinion;

(2) The decision of the District Court as to the application for removal of the Referee-appellee under Section 62(b) is affirmed;

(3) The appeal from the order of the District Court denying the motion to transfer the case to another Referee under Section 45(b) is dismissed;

(4) The appeal from the order of the District Court insofar as it denied any action because of bias is dismissed.

No costs are awarded to either party.