

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

March 9, 1973

Honorable Alton R. Griffin
County Attorney
Lubbock County Courthouse
Room 202
Lubbock, Texas 79401

Opinion No. H-17

Re: Construction of Article
666-17(14)(f), Vernon's
Texas Penal Code, as to
a minor's arrest record and
whether the Justice Depart-
ment or the F.B.I. are
entitled to such information
after a court has expunged
the conviction and other
documents relating thereto.

Dear Mr. Griffin:

In your request for our opinion construing Article 666-17(14)(f),
Vernon's Texas Penal Code, you state the following fact situation and
question:

> "Almost monthly in both Justice of the Peace Courts
> in Lubbock County, Texas, as well as in Municipal Courts in
> Lubbock County, Texas, minors charged with Illegal Possess-
> ion of Alcoholic Beverages pursuant to the above referenced
> statute have and do bring actions to purge and/or expunge
> convictions for said offense. Further, pursuant to Justice
> Department of Federal Bureau of Investigation procedures,
> requests are made for information concerning these arrests
> and/or convictions for which is commonly known as a 'rap
> sheet'.

> "The problem constantly arises as to whether or not
> the Lubbock County Sheriff's Office, the Lubbock County
> Texas Highway Patrol, and the City of Lubbock Police Depart-
> ment are prohibited from disclosing to the Justice Department
> or the Federal Bureau of Investigation information in regard
> to an arrest and/or conviction under the above referenced
> statute. "

Article 666-17(14)(f), Vernon's Texas Penal Code, reads as follows:

"Upon attaining the age of twenty-one (21) years, any person who during his minority was convicted of not more than one violation of the Texas Liquor Control Act is eligible to have the conviction expunged from his record upon making application to the judge of the court in which he was convicted. The application shall contain the applicant's sworn statement that during his minority he was not convicted of any violation of the Texas Liquor Control Act other than that sought to be expunged from his record. If it appears to the court that applicant's statement is true and correct, the court shall order the conviction expunged from his record along with all complaints, verdicts, sentences, and other documents relating thereto. After the court has entered the order, the applicant is released from all disabilities resulting from the conviction, and the fact of the conviction shall not be shown or inquired into for any purpose."

The language of the statute is that the "court shall order the conviction expunged from his record along with all complaints, verdicts, sentences, and other documents relating thereto." "Thereto" must refer to "conviction". It is our opinion that the statute does not refer to records compiled at the time of arrest, except insofar as they may be made to disclose the later conviction. To hold otherwise, would result in the anomalous situation of the person arrested, but later acquitted, left with a permanent standing record of arrest, while the person arrested and convicted could have his record of arrest expunged. We do not believe this was the intent of the Legislature.

The word "expunge" has various shades of meaning such as: to strike out, obliterate or mark for deletion, or to cause the physical destruction of. Webster's Third New International Dictionary. There is no Texas case defining it. A California appellate court has held it to be a physical act rather than a legal one. Andrews v. Police Court of City of Stockton, 123 P. 2d 128 (Cal. App. 1942) aff. 133P. 2d 398 (Cal. 1943); and see Dubnoff v. Goldstein, 385 F. 2d 717 (2d cir. 1967).

We must conclude that the Legislature used the word "expunge" knowing its meaning. In other similar situations it has provided, for instance, that the verdict or plea of guilty may be "set aside" and the complaint, etc., "dismissed" (Art. 42.12, Sec. 7, Vernon's Code of Criminal Procedure, the Adult Probation and Parole Law); or that the court may enter an order "setting aside" the finding of guilty and "dismissing" the accusation or complaint after which the finding of guilty may not be considered for any purpose (Art. 42.13, Vernon's Texas Code of Criminal Procedure, the Misdemeanor Probation Law). Such expressions have a more limited effect. The choice by the Legislature of the word "expunge" rather than language such as that used in either of the other two statutes must indicate an intention upon its part that the records actually be destroyed or obliterated.

Obviously the act applies to the records of the applicant in the court where he was convicted. Were the reference to "his records" taken literally, it would result in the court being instructed to order those over whom it has no jurisdiction to affirmatively expunge the conviction form "his" records within their custody. We cannot assume the Legislature intended such a result, and must limit the scope of the order that the conviction be expunged to records directly within the control of the court.

However, the last sentence of the Article, i. e., "After the Court has entered the order, the applicant is released from all disabilities resulting from the conviction, and the fact of the conviction shall not be shown or inquired into for any purpose," is not directed solely to the court, but is directed to all those persons who might have at their disposal records showing the conviction. It is our opinion that any person having such records within his control and having knowledge that a conviction has been expunged, is subject to the provisions of the statute and is prohibited from showing the "fact of the conviction . . . for any purpose."

From the foregoing, we conclude that it was the intention of the Legislature that the applicant's record of conviction be "expunged" from all records and that no one either show or inquire into it for any purpose. Thus, to answer your specific questions, the Lubbock County Sheriff's Office, the Lubbock County Texas Highway Patrol,

and the City of Lubbock Police Department, once they were placed on notice of the court's order under Article 666-17(14)(f), V. T. P. C., would be prohibited from disseminating information concerning the conviction, but not the arrest, of a person whose conviction had been expunged from his record pursuant to that Article.

### SUMMARY

Article 666-17(14)(f), Vernon's Texas Penal Code reaches all records of conviction of a person under the age of 21, convicted of not more than one violation of the Texas Liquor Control Act and, if the court enters an order expunging such a conviction from the applicant's record, no one subject to the jurisdiction of this state, including those attached to a Sheriff's Office, the Highway Patrol or a Police Department may legally communicate or make reference to the fact of the conviction in any manner or to any other person or organization.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY YORK, Executive Assistant

DAVID M. KENDALL, Chairman
Opinion Committee