UNITED STATES of America, Plaintiff

v.

Ricardo COSME–RIVERA, Defendant.

Criminal No. 85–510 (JP).

United States District Court,
D. Puerto Rico.

March 25, 2008.

José A. Feliciano–Rodríguez, Esq., Urb. Santiago Iglesias, San Juan, PR, for Defendant.

## *OPINION AND ORDER*

JAIME PIERAS, JR., Senior District Judge.

Before the Court is a motion (**No. 42**) filed by Defendant Ricardo Cosme–Rivera

("Cosme") asking that this Court expunge his criminal record and return related photos and fingerprints to said Defendant. Plaintiff United States of America filed no opposition to the motion. For the reasons stated herein, the Court **DENIES** Defendant's motion.

By way of background, a trial was held before this Court and, on March 26, 1986, Defendant was found not guilty of illegally reproducing copyrighted materials. He was discharged on that same date. Defendant seeks to expunge the record in this case, undertaken approximately twenty-two years ago, because said indictment now affects his life in negative ways. Specifically, Defendant argues that prospective employers, banks, insurance companies, and governmental agencies and offices all have the information at hand and may use it to his disadvantage. Defendant states in a sworn affidavit that since the March 1986 trial, he has not been arrested or charged on any grounds.

Unfortunately, the Court lacks jurisdiction to carry out the expungement of Defendant Cosme's record.[1] The word "expunge" generally refers to the physical destruction of information. *United States v. Coloian*, 480 F.3d 47, 52 (1st Cir.2007), citing *Dubnoff v. Goldstein*, 385 F.2d 717, 724 (2d Cir.1967). With respect to criminal records, expunction refers to the process of sealing or destroying the record of a criminal conviction after expiration of a certain time. *Id.*, citing *United States v. Johnson*, 941 F.2d 1102, 1111 (10th Cir. 1991). Congress has specifically provided for expungement or related remedies in narrowly defined circumstances. *See, e.g.,* 5 U.S.C. §§ 552a (d), (g)(1)(C) (allowing claims to amend public records that are inaccurate); 10 U.S.C. § 1565(e) (mandating expungement of DNA records when military conviction is overturned); 18 U.S.C. § 3607(c) (allowing for expungement of criminal records in certain drug possession cases); 21 U.S.C. § 844a(j) (allowing for expungement of civil penalty records in certain drug possession cases); 42 U.S.C. § 14132(d) (allowing for expungement of DNA records held by the FBI in certain cases where a conviction is overturned). Also, federal courts have upheld the expungement of criminal records as a remedy for arrests or prosecutions that violate federal statutes or the constitution. *See Coloian*, 480 F.3d at 52. Defendant Cosme does not seek expungement under any of these statutes, nor does he seek expungement as a remedy for the violation of his statutory or constitutional rights.

Further, in a similar case to the one at hand involving an individual who was acquitted of all charges, the United States Court of Appeals for the First Circuit held that courts lack ancillary jurisdiction over orders to expunge criminal records based solely on equitable grounds.[2] *Coloian*, 480

---

1. The Second Chance for Ex–Offenders Act of 2007, H.R. 623, 110th Cong. (1st Sess.2007), was introduced in the House of Representatives by Rep. Charles Rangel [D–NY] on January 22, 2007. However, said Act has not been passed into law. The Act would likely bear on Defendant Cosme's case, as it provides for the expungement of a criminal record for an individual who has, among other criteria, "never been convicted of a violent offense and has never been convicted of a nonviolent offense other than the one for which expunge-

ment is sought." H.R. 623, 110th Cong. (1st Sess.2007).

2. "Equitable grounds" means grounds that rely only on notions of fairness and are entirely divorced from legal considerations. *Coloian*, 480 F.3d at n. 6. Other circuit courts have also emphasized this distinction. *See, e.g., United States v. Meyer*, 439 F.3d 855, 860–62 (8th Cir.2006) (holding that "a district court does not have subject matter jurisdiction over a motion to expunge that is based solely on equitable considerations," but that it "may

F.3d at 52. In support of its ruling, the First Circuit looked to the United States Supreme Court case of *Kokkonen v. Guardian Life Insurance Co. of America*, 511 U.S. 375, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994), in which the Supreme Court unanimously held that a district court lacked subject matter jurisdiction to enforce a settlement agreement it had approved where its accompanying order of dismissal did not reserve jurisdiction. *Id.* at 378, 114 S.Ct. 1673. In so holding, the Supreme Court began by reiterating that "[f]ederal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Id.* at 377, 114 S.Ct. 1673 (citations omitted). The Supreme Court went on to state that federal courts' ancillary jurisdiction serves two purposes: "(1) to permit disposition by a single court of claims that are, in varying respects and degrees, factually interdependent; and (2) to enable a court to function successfully, that is, to manage its proceedings, vindicate its authority, and effectuate its decrees." *Id.* at 379–80, 114 S.Ct. 1673 (citations omitted). The First Circuit, applying these parameters, held that a request for the expungement of a defendant's criminal record, based solely on equitable grounds, serves neither of these purposes. *Coloian*, 480 F.3d at 52.

In the case at hand, Defendant Cosme is requesting that his criminal record be ex-

punged for equitable reasons, namely, the continued hardship he faces from various institutions who have access to said record. Defendant Cosme does not argue that this presents an extraordinary case, that he was unlawfully arrested or convicted, or that there exists a clerical error in the record. Accordingly, the Court lacks jurisdiction and Defendant's motion must be denied.

**IT IS SO ORDERED.**

---

have ancillary jurisdiction to [expunge] in extraordinary cases to preserve its ability to function successfully by enabling it to correct an injustice caused by an illegal or invalid criminal proceeding"); *United States v. Dunegan*, 251 F.3d 477, 480 (3d Cir.2001) (holding that a district court did not have jurisdiction over a motion to expunge criminal records based on equitable grounds, but declining to decide "whether a record may be expunged on the basis of Constitutional or statutory infirmity in the underlying criminal proceedings or on the basis of an unlawful arrest or

conviction"); *United States v. Sumner*, 226 F.3d 1005, 1014–15 (9th Cir.2000) (holding that expungement of a criminal record "solely on equitable grounds, such as to reward a defendant's rehabilitation and commendable post-conviction conduct" did not serve the purposes of ancillary jurisdiction as articulated in *Kokkonen v. Guardian Life Insurance Co. of America*, 511 U.S. 375, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994), and that "a district court's ancillary jurisdiction is limited to expunging the record of an unlawful arrest or conviction, or to correcting a clerical error").