BESOSA, District Judge.
Defendant Guillermo Cruz-García ("Cruz") moves to compel the Federal Bureau of Investigation ("FBI") to expunge his criminal records from the National Crime Information Center ("NCIC") database. (Docket No. 307.) For the reasons set forth below, the Court DENIES Cruz's motion.
I. Background
On October 21, 2015, a grand jury charged Cruz and three other individuals with, among other offenses, conspiring to defraud the United States and the National Guard of money and property, in violation of 18 U.S.C. § 371. (Docket No. 3.) The United States and Cruz entered into a Pretrial Diversion agreement. (Docket No. 301 at p. 1.) Cruz complied with the terms of this agreement. Id. Consequently, the United States moved to dismiss the charges against Cruz pursuant to Federal Rule of Criminal Procedure 48(a). (Docket No. 289.) The Court issued a judgment of dismissal on November 27, 2017. Id.
Cruz traveled abroad in January 2019. (Docket No. 307 at p. 1.) When he returned to the United States, Customs and Border Patrol ("CBP") agents detained Cruz for a "number of hours because his name still appears" in the NCIC database. Id. [1] Expungement is warranted, Cruz argues, *182 because his criminal record "could be a source of embarrassment or misunderstanding to his professional detriment." (Docket No. 312 at p. 8.) Because subject matter jurisdiction is lacking, however, the Court need not address the merits of Cruz's motion.
II. The Court Lacks Jurisdiction to Compel the FBI to Expunge Cruz's Criminal Records from the NCIC Database
Cruz invokes the Court's ancillary jurisdiction. (Docket No. 312 at p. 5.) Ancillary jurisdiction "is designed to enable a federal court having subject matter jurisdiction over a dispute to resolve closely related claims lacking an independent jurisdictional basis." Acton Co. of Mass. v. Bachman Foods, Inc., 668 F.2d 76, 79 (1st Cir. 1982) ; Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 380, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994) (noting that ancillary jurisdiction is "the court's power to protect its proceedings and vindicate its authority."). In Kokkonen, the Supreme Court held that ancillary jurisdiction is applicable only: "(1) to permit disposition by a single court of claims that are ... factually interdependent, and (2) to enable a court to function successfully." 511 U.S. at 379-80, 114 S.Ct. 1673. Actions that are "entirely new and original," however, exceed the limitations of ancillary jurisdiction. Peacock v. Thomas, 516 U.S. 349, 358, 116 S.Ct. 862, 133 L.Ed.2d 817 (1996) (citation omitted).
The First Circuit Court Appeal's decision in United States v. Coloian is dispositive. 480 F.3d 47 (1st Cir. 2007). A jury acquitted an attorney of committing bribery. Id. at 48. The attorney subsequently moved to expunge his criminal record, relying on the district court's ancillary jurisdiction. Id. According to the attorney, the stigma associated with standing trial impaired his ability to practice law. Id. The First Circuit Court of Appeals held that "the district court did not have jurisdiction to consider [the attorney's] request for the expungement of his criminal record on equitable grounds." Id. at 52 (citing Kokkonen, 511 U.S. at 380, 114 S.Ct. 1673 ). Ancillary jurisdiction did not exist because the expungement of criminal records was tangential to the bribery prosecution and unnecessary to vindicate judicial authority. Id.
Like the attorney in Coloian, Cruz seeks equitable relief after the conclusion of a criminal proceeding. Docket No. 307; see 480 F.3d 47. Expungement of Cruz's criminal records and the conspiracy allegations set forth in the indictment are not "factually interdependent." Kokkonen, 511 U.S. at 380, 114 S.Ct. 1673. Moreover, removal of Cruz's name from the NCIC database is unrelated to the Court's ability "to function successfully." Id. Consequently, the Court does not have the authority to compel the FBI to expunge Cruz's criminal records.
The arguments set forth by Cruz in support of his motion to expunge are unavailing. Cruz contends that he "is not invoking the Court's ancillary jurisdiction ... based on events that occurred after the celebration of a trial." (Docket No. 312 at p. 2.) Placement on the NCIC registry does not, however, require a conviction or admission of guilt. Indeed, the information contained in the NCIC database includes "notations of arrest, detentions, indictments, informations, or other formal *183 charges, and any disposition arising therefrom, including acquittal, sentencing, correctional supervision, and release." 28 C.F.R. § 20.3.[2] That Cruz and the United States entered into a Pretrial Diversion agreement is immaterial to the Court's ancillary jurisdiction analysis. See, e.g., United States v. Paxton, Case No. 99-91, 2007 U.S. Dist. LEXIS 53086 *4 (M.D. Ala. July 20, 2007) (denying motion to expunge criminal records for lack of jurisdiction after the defendant "completed all the terms of his pretrial diversion program, [and had no] subsequent convictions").
Precedent cited by Cruz in support of his motion to expunge is inapposite. (Docket Nos. 306 and 312.) The Coloian court explicitly rejected case law from the Second, Seventh, Tenth and D.C. Circuit Courts of Appeals. 480 F.3d at 51-52.[3] These decisions held that "district courts do have ancillary jurisdiction to expunge records based on equitable considerations." Id. Cruz relies extensively on courts that adopt this minority view. Docket No. 312 (citing Livingston, 245 U.S. App. DC 54, 759 F.2d 74 ; Doe v. United States, 833 F.3d 192 (2d Cir. 2016) ; United States v. Bohr, 406 F. Supp. 1218 (E.D. Wis. 1976) ). Accordingly, the motion to expunge Cruz's criminal records from the NCIC database is DENIED . See United States v. Cosme-Rivera, 556 F. Supp. 2d 66, 68 (D.P.R. 2008) (denying the defendant's request "that his criminal record be expunged for equitable reasons" for lack of jurisdiction) (citing Coloian, 480 F.3d at 52 ) (Pieras, J.).[4]
III. Conclusion
For the reasons set forth above, Cruz's motion to compel the FBI to expunge his criminal records from the NCIC database is DENIED. (Docket No. 307.)
IT IS SO ORDERED.

In 1966, Congress enacted legislation requiring the Attorney General to "acquire, collect, classify, and preserve ... criminal identification, crime and other records." 28 U.S.C. § 534. The Attorney General delegated this task to the FBI. 28 C.F.R. 0.85. Subsequently, the FBI established the National Crime Information Center, "a computerized index of criminal justice information (i.e. criminal record history information, fugitives, stolen properties, missing persons)." See National Criminal Information Center, Fed. Bureau of Investigation, (available at https://fas.org/irp/agency/doj/fbi/is/ncic.htm) (last visited July 16, 2019).

Federal regulations mandate that criminal "information on individuals is kept compete, accurate, and current so that all such records shall contain to the maximum extent feasible dispositions for all arrest data included therein. Dispositions should be submitted by criminal justice agencies within 120 days after the disposition has occurred." 28 C.F.R. § 20.37.

See United States v. Schnitzer, 567 F.2d 536 (2d Cir. 1977) ; United States v. Flowers, 389 F.3d 737 (7th Cir. 2004) ; United States v. Linn, 513 F.2d 925 (10th Cir. 1975) ; Livingston v. Dep't of Justice, 245 U.S. App. DC 54, 759 F.2d 74 (D.C. Cir. 1985).

Cruz may "obtain a record of [his] identification record from the FBI to review and request any change, correction, or update." 28 C.F.R. § 20.34 ; see 28 C.F.R. §§ 16.32 and 16.46 (setting forth the procedures to obtain and amend records from the FBI Criminal Justice Information Services Division).