**PEOPLE ex rel. TINKOFF**

v.

**CAMPBELL.**

No. 11081.

United States Court of Appeals, Seventh Circuit.

April 26, 1954.

Paysoff Tinkoff, Jr., Abraham M. Horwitz, Chicago, Ill., for appellant.

Joseph H. Schwartz, Alex H. Dolnick, Jacob Cohen, Chicago, Ill., for appellee.

Before MAJOR, Chief Judge, and DUFFY and LINDLEY, Circuit Judges.

PER CURIAM.

Sketchily stated, the averments of the petition for a writ of mandamus, leave to file which is prayed are as follows. Sterling was adjudicated bankrupt on October 29, 1951. Tinkoff filed claims as assignee of General Type and Composition Company and others, against the bankrupt estate. He objected to the final report of the referee, specifically to payments of compensation for the receiver and the trustee and their attorneys, on the ground, as he charged, of fraudulent misadministration of the estate. He moved also that he, Tinkoff Jr., and another be appointed to discover assets of the estate in the amount of

$25,000, which, it is alleged, the trustee willfully failed to recover. The assets however were not identified. This motion was denied. At various times throughout the proceeding, Tinkoff filed affidavits of bias and prejudice against Judge Campbell, moving that the cause be assigned to another judge. These were summarily denied. To shorten a long story, on November 12, 1953, the final report of the referee was approved and the cause closed, allegedly without notice to petitioner.

An appeal was filed to review this order and is now pending before this court. The present petition was filed in due course, seeking, by mandamus, to 1. review the order of November 12 approving the referee's report, and 2. to compel Judge Campbell to disqualify himself in this cause.

 The petition on its face is fatally defective in three respects, one procedural and the other two going to the merits. At the outset, it is improperly filed in the appeal from the civil action out of which it arises. Mandamus is a collateral proceeding, separate and apart from any cause of action which may have given it birth and must be filed here as an original cause, not, as is here attempted, as a motion in the parent case which is pending on appeal. Judge Campbell is not a party to the Sterling cause below and cannot by petition be made a party to the cause on appeal.

 On the merits, the issues sought to be raised are appropriate for determination on appeal and mandamus will not lie. Petitioner first seeks to review the order of the court below approving the referee's report. Obviously this is the principal issue presented on the appeal now pending wherein petitioner is afforded an adequate remedy. The second prayer to compel the trial judge to disqualify himself, is controlled by our decision in Korer v. Hoffman, 212 F.2d 211, wherein we held that mandamus is not an appropriate remedy to compel a district judge to disqualify himself for alleged personal bias and that appeal affords petitioner an adequate remedy.

Inasmuch as the petition is, on its face, insufficient to warrant relief, leave to file is denied.