**KORER v. HOFFMAN.**

**No. 11069.**

United States Court of Appeals
Seventh Circuit.

April 20, 1954.

Rehearing Denied May 13, 1954.

Joseph A. Struett, Chicago, Ill., for petitioner.

James B. Parsons, Asst. U. S. Atty., Chicago, Ill., for respondent.

Before MAJOR, Chief Judge, and LINDLEY and SCHNACKENBERG, Circuit Judges.

MAJOR, Chief Judge.

The question for decision is whether a writ of mandamus may appropriately issue directing the disqualification of respondent because of his personal bias and prejudice, as alleged by petitioner in an affidavit presented under Title 28 U.S.C.A. § 144. After mature consideration of all facets of the situation disclosed, we have reached the conclusion that in the exercise of our sound discretion the question must be answered in the negative. In view of this conclusion, the reason for which will be subsequently stated, no more than a brief statement of the facts is necessary.

Petitioner (sometimes referred to as defendant) was indicted in the Northern District of Illinois, charged with the violation of Title 18 U.S.C.A. § 1001. One Erbie B. Caldwell was jointly indicted as an aider and abettor. On May 22, 1953, the case was assigned or transferred to respondent, Honorable Julius J. Hoffman, a judge of the district court. Numerous proceedings were had in the mat-

ter between that date and December 15, 1953, when petitioner filed his affidavit of bias and prejudice, requesting the disqualification of respondent and that the case be assigned to another judge. Petitioner's affidavit was accompanied by the certificate of his counsel, Joseph A. Struett, that it was made in good faith. Respondent denied the request to disqualify on authority of a decision of this court. Tucker v. Kerner, 7 Cir., 186 F. 2d 79, 23 A.L.R.2d 1027.

Thereupon, petitioner, on January 14, 1954, filed in this court his petition, supported by an additional affidavit of his counsel, urging the issuance of a writ of mandamus commanding respondent to disqualify. An order was directed at the respondent to show cause why the relief sought should not be granted. An answer was filed by an Assistant United States Attorney on behalf of respondent, accompanied by an affidavit of another Assistant United States Attorney, denying that the situation was such as to justify the issuance of the writ.

There are some well adjudicated principles applicable to the instant proceeding which may be mentioned without elaboration because it is doubtful, in the view which we take, that they are relevant. It is settled that a judge whom it is sought to disqualify must treat the matters alleged in the affidavit of prejudice as true. Moreover, it is sufficient that such allegations be predicated upon information and belief. Berger v. United States, 255 U.S. 22, 41 S.Ct. 230, 65 L.Ed. 481; Tucker v. Kerner, 7 Cir., 186 F.2d 79, 23 A.L.R.2d 1027. And we agree with petitioner's counsel that the affidavit filed in this court by an Assistant United States Attorney who was in charge of the case for the government, by which it was sought to explain and in some respects contradict the allegations of petitioner's affidavit, was improper; however, in view of our subsequent discussion, we need give no further consideration to this point. We think all must agree that petitioner's affidavit presented solely a question of law and that respondent's decision refus-

ing to disqualify was one of law, unfettered by any factual dispute. The decision was made in the course of a proceeding of which the court had jurisdiction of the parties and the subject matter. Such being the case, respondent was endowed with the authority and the power to make a decision right or wrong.

■ The turning point in our thinking which compels the conclusion which we reach is that petitioner has an adequate remedy, as that term is used in the law, to obtain redress from a reviewing court on an appeal from any final judgment which may be entered against him. While petitioner's counsel does not expressly concede that this point is controlling, he does recognize its importance and urgently presses upon us the view that his remedy is "grossly inadequate." No case is cited, however, in support of this contention and we know of none other than a statement contained in Berger v. United States, 255 U.S. 22, at page 36, 41 S.Ct. 230, at page 234, 65 L.Ed. 481, wherein the court said: "To commit to the judge a decision upon the truth of the facts gives chance for the evil against which the section is directed. The remedy by appeal is inadequate. It comes after the trial and if prejudice exist it has worked its evil and a judgment of it in a reviewing tribunal is precarious. It goes there fortified by presumptions, and nothing can be more elusive of estimate or decision than a disposition of a mind in which there is a personal ingredient."

■ While the utterance just quoted, standing alone and without regard to the circumstances under which it was made, appears to support petitioner's contention, an analysis of the decision plainly demonstrates the fallacy of such reliance. In that case it was the contention of the government that the district court was entitled to consider facts other than those alleged in the affidavit, which contention, if adopted, would have required the judge to determine the facts as a premise for his legal conclusion. The court, however, rejected this contention and decided that the judge must act sole-ly upon the allegations of the affidavit, in other words, accept as true the facts therein alleged. It was in connection with the court's discussion on this point that the statement above quoted was made. The court was saying no more than that if the government's contention be accepted, the judge's finding as to the facts would on appeal from a final judgment come to the reviewing court fortified by presumptions which ordinarily accompany findings by a district judge. The court, however, rejected the government's contention and held that the judge sought to be disqualified was only permitted to decide the question of law arising from facts admitted to be true. We think it self-evident that a decision by a reviewing court of this legal question would have to stand upon its own merits, unaided by any presumption. No logical reason appears why the refusal of a judge to disqualify falls into any different category than his refusal to dismiss a complaint for failure to state a cause upon which relief can be granted or to dismiss an indictment for failure to charge a criminal offense insofar as concerns the ability of an aggrieved party to obtain adequate relief upon appeal. In all three instances a reviewing court, upon appeal from a final adverse judgment, would be presented with a legal question and a decision in either instance favorable to the aggrieved party would require a reversal. See Skirvin v. Mesta, 10 Cir., 141 F.2d 668, 671.

That such is the case is clearly shown by the Berger opinion when we consider the procedure by which that case reached the Supreme Court, with the resultant decision. The defendants there, as the defendant here, were charged with a criminal offense and there, as here, the presiding judge denied defendants' affidavit to disqualify. There, the refusing judge proceeded with the trial, which resulted in a judgment adverse to defendants. There, the Supreme Court held that the judge erred as a matter of law in his refusal to disqualify, and for that reason alone reversed the judgment. In the face of this result, it cannot be

said that the remedy by appeal was inadequate. Petitioner in the instant case is in precisely the same position. If respondent proceeds to try the case against petitioner and a judgment of conviction is obtained, there appears no reason, under the teaching of and the result reached in the Berger case, why petitioner will not be able in a reviewing court to raise the question of respondent's refusal to disqualify. And further, if such legal issue should be decided favorably to petitioner, it appears certain that a reversal of a judgment of conviction would be required, just as it was in the Berger case. See also People v. Dieckman, 404 Ill. 161, 88 N.E.2d 433, wherein the Supreme Court of Illinois reversed a judgment of conviction because of an erroneous ruling of the trial court on a motion to disqualify.

A review of the many cases called to our attention where mandamus directed at a district judge has been sought would serve no useful purpose. The cases invariably turn upon the issue as to whether the aggrieved party has an adequate remedy on appeal from a final judgment. If not, mandamus is usually allowed; if so, it is held to be inappropriate, and it is significant to note that it has been allowed in no case of which we are aware, to require the disqualification of a judge.

Typical and illustrative of the cases where it has been allowed are Ex parte Simons, 247 U.S. 231, 38 S.Ct. 497, 62 L.Ed. 1094; State of Maryland v. Soper, 270 U.S. 9, 46 S.Ct. 185, 70 L.Ed. 449, and Ex parte United States, 287 U.S. 241, 53 S.Ct. 129, 77 L.Ed. 283. In the Simons case, the district court transferred a claim sounding in damages to the equity docket. The Supreme Court held that by this order plaintiff was denied a constitutional right to a jury trial and that in effect the district court had repudiated its jurisdiction. To correct this situation mandamus was allowed. In the Soper case, the writ was held appropriate to require the district judge to order the remand of a criminal case which had been improperly removed from a state court. The court stated, 270 U.S. at page

30, 46 S.Ct. at page 189: "The order of the United States District Judge refusing to remand is not open to review on a writ of error, and a judgment of acquittal in that court is final." In Ex parte United States, the district judge had refused to issue a bench warrant upon an indictment. The court held the order appropriate to compel the judge to do so, stating that such refusal, 287 U.S. at page 249, 53 S.Ct. at page 131, "is equivalent to a denial of the absolute right of the government, as matters stand, to put the accused on trial, since that cannot be done in his absence."

The cases where mandamus has been held to be inappropriate are more numerous. Typical are Cobbledick v. United States, 309 U.S. 323, 60 S.Ct. 540, 84 L. Ed. 783; Roche v. Evaporated Milk Ass'n, 319 U.S. 21, 63 S.Ct. 938, 87 L.Ed. 1185; Ex parte Fahey, 332 U.S. 258, 67 S.Ct. 1558, 91 L.Ed. 2041, and Bankers Life & Casualty Co. v. Holland, 346 U.S. 379, 74 S.Ct. 145. In the Cobbledick case, the order under attack was the denial of a motion to quash a subpoena duces tecum. Mandamus was held inappropriate because the order of denial was subject to review in the event of a final adverse decision. The court stated, 309 U.S. at page 325, 60 S.Ct. at page 541: "The correctness of a trial court's rejection even of a constitutional claim made by the accused in the process of prosecution must await his conviction before its reconsideration by an appellate tribunal." In the Roche case, the order under attack was the refusal of the district judge to reinstate defendant's plea in abatement to an indictment under the Sherman Act, 15 U.S.C.A. §§ 1–7, 15 note. In holding mandamus inappropriate the court stated, 319 U.S. at page 27, 63 S.Ct. at page 942: "Ordinarily mandamus may not be resorted to as a mode of review where a statutory method of appeal has been prescribed or to review an appealable decision of record." In the Fahey case, the order under attack was the allowance by the district court of attorney fees. In holding mandamus inappropriate the court, referring

to extraordinary remedies including that of mandamus, stated, 332 U.S. at page 260, 67 S.Ct. at page 1559: "These remedies should be resorted to only where appeal is a clearly inadequate remedy. We are unwilling to utilize them as a substitute for appeal. As extraordinary remedies, they are reserved for really extraordinary causes." In the recent Holland case, the order under attack was the refusal of the district judge to vacate a severance and transfer order entered on the ground of improper venue, under Title 28 U.S.C.A. § 1406(a). The court, in holding mandamus inappropriate, employed language pertinent to the question here presented. It stated, 346 U.S. at page 382, 74 S.Ct. at page 147: "The ruling on a question of law decisive of the issue presented by Cravey's motion and the replication of the petitioner was made in the course of the exercise of the court's jurisdiction to decide issues properly brought before it. Ex parte American Steel Barrel Co., 1913, 230 U.S. 35, 45–46, 33 S.Ct. 1007, 1010, 1011, 57 L. Ed. 1379; Ex parte Roe, 1914, 234 U.S. 70, 73, 34 S.Ct. 722, 723, 58 L.Ed. 1217. Its decision against petitioner, even if erroneous—which we do not pass upon— involved no abuse of judicial power, Roche v. Evaporated Milk Ass'n, supra, and is reviewable upon appeal after final judgment."

■ Counsel for petitioner urges that a denial of the writ means that "petitioner will be forced to continue under the stigma, stress and strain of an indictment, and subject to restriction under bail, until a later day when his case may be reached and tried. Meanwhile, he must pay heavily in time, effort and expense to prepare his case for trial and suffer the ignominies of a trial." This is an appealing argument to which we know of no good answer other than that it is made in the wrong forum. In response to a similar contention, the court in Gulf Research & Development Co. v. Leahy, 3 Cir., 193 F.2d 302, 304, stated: "The mere fact that the petitioners will

be put to the inconvenience and expense of what may prove to be a wholly abortive trial is an argment which might be addressed to Congress in support of legislation authorizing interlocutory appeals but does not constitute ground for invoking mandamus power."

A similar argument has been advanced in numerous other cases and consistently rejected. In Roche v. Evaporated Milk Ass'n, 319 U.S. 21, 30, 63 S.Ct. 938, 943, 87 L.Ed. 1185, the court stated: "Respondents stress the inconvenience of requiring them to undergo a trial in advance of an appellate determination of the challenge now made to the validity of the indictment. We may assume, as they allege, that that trial may be of several months' duration and may be correspondingly costly and inconvenient. But that inconvenience is one which we must take it Congress contemplated in providing that only final judgments should be reviewable. Where the appeal statutes establish the conditions of appellate review, an appellate court cannot rightly exercise its discretion to issue a writ whose only effect would be to avoid those conditions and thwart the Congressional policy against piecemeal appeals in criminal cases." See also United States Alkali Export Ass'n Inc., v. United States, 325 U.S. 196, 202, 65 S.Ct. 1120, 89 L.Ed. 1554.

We need not proceed further. As we have attempted to show, the order under attack was the result of a legal decision made in the course of a proceeding by a judge who had jurisdiction of petitioner and the subject matter. The order is subject to review by an appellate court in the event of an adverse final judgment, which review will afford petitioner an adequate remedy. There is no case of which we are aware, and certainly none of the Supreme Court, which would authorize this court under the circumstances presented to issue the writ requested.

The petition for a writ of mandamus is

Denied.