[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 54 
The above named are adverse parties to a pending proceeding in the circuit court, first circuit, Territory of Hawaii, under civil number 139, before the Honorable Calvin C. McGregor, Judge of the Seventh Division.
The petitioners, the defendants-cross plaintiffs in the said matter pending in said circuit court before said judge, which is entitled "In the Matter of the Trust Estate of WALLACE R. FARRINGTON, Deceased," have, on April 26, 1955, filed in this supreme court a petition for writ of prohibition, praying that the chief justice issue an order granting a temporary writ directed to the respondents herein, who are the cross-plaintiffs in said civil number 139, pending in said circuit court, and to the said Honorable Calvin C. McGregor, the judge presiding therein, "prohibiting them, and each of them, and particularly the said Calvin C. McGregor as judge of the aforesaid Circuit Court, from proceeding further in said Civil No. 139 relative to the matter of the appointment of a trustee or trustees of the trust estate of Wallace R. Farrington, deceased, and from conducting and hearing or entering any order or decree with respect to the matter of the appointment of such trustee or trustees;" and
"That the Supreme Court of the Territory of Hawaii issue an order directed to the above named Respondents, citing each of them to show cause why such temporary writ of prohibition should not be made permanent;
"And that this Honorable Court grant to the Petitioners such further relief as may be just."
The said petition for writ of prohibition contains allegations which in substance constitute a resume by the petitioners of the proceedings had and a statement of the present status of the cause pending below and before the said circuit judge in civil number 139.
Appended to the petition herein, therein referred to and by reference made a part thereof, as "EXHIBIT X" *Page 55 
are a copy of a "MOTION FOR DISQUALIFICATION"; "NOTICE OF MOTION"; "AFFIDAVIT OF FRANCES FARRINGTON WHITTEMORE"; "CERTIFICATE OF COUNSEL," appended to the affidavit; and "ORDER DENYING MOTION FOR DISQUALIFICATION."
It is apparent from said copies included in said "EXHIBIT X" that the question of his disqualification was properly presented to the said circuit judge, if the said affidavit of Frances Farrington Whittemore is legally sufficient for the purposes thereof in view of the provisions of section 9573, Revised Laws of Hawaii 1945. Such section is as follows:
"Sec. 9573. Disqualification of judge; bias or prejudice. Whenever a party to any suit, action or proceeding, whether at law, in equity, criminal, or special proceeding, shall make and file an affidavit that the judge before whom the action or proceeding is to be tried or heard has a personal bias or prejudice either against him or in favor of any opposite party to the suit, such judge shall be disqualified from proceeding therein. Every such affidavit shall state the facts and the reasons for the belief that bias or prejudice exists and shall be filed before the trial or hearing of the action or proceeding, or good cause shall be shown for the failure to file it within such time. No party shall be entitled in any case to file more than one affidavit; and no affidavit shall be filed unless accompanied by a certificate of counsel of record that the affidavit is made in good faith. Any judge may disqualify himself by filing with the clerk of the court of which he is a judge a certificate that he deems himself unable for any reason to preside with absolute impartiality in the pending suit or action."
Judge McGregor denied the motion for his disqualification "on the ground that the said affidavit of Frances Farrington Whittemore sets forth grounds therefor which *Page 56 
are legally insufficient under Section 9573 of the Revised Laws of Hawaii, 1945."
The chief justice being absent on vacation, the petition for writ of prohibition was presented to Mr. Justice Ingram M. Stainback, the acting chief justice pro tempore. The latter suggested his own possible disqualification and suggested a preliminary determination of that and a hearing was then held in open court, on April 27, 1955, with Circuit Judge William Z. Fairbanks substituting for the Honorable Edward A. Towse, the absent chief justice. At such a hearing, the majority of the court, Circuit Judge Fairbanks and Justice Philip L. Rice concurring, held that the provisions of section 9573, Revised Laws of Hawaii 1945, are not applicable to the justice of the appellate court. However, because of matters transpiring at the hearing, Mr. Justice Stainback subsequently disqualified himself, to avoid any question whatsoever as to ethical propriety of his being a member of the court for the hearing on the petition for writ of prohibition. Because of his self-disqualification, it became necessary to designate a circuit judge to substitute for Mr. Justice Stainback, and Circuit Judge Frank A. McKinley was designated such substitute.
In an endeavor to expedite and facilitate a hearing on the merits of the petition for writ of prohibition, Judge McGregor was orally notified of its pendency before this supreme court and acceded to the request of this court to defer any further action in the court below in said civil number 139 as long as requisite for determination by this court of the question of whether or not the writ of prohibition should issue herefrom. This court then waived the filing of briefs and, on April 29, 1955, heard oral argument by counsel. Subsequently, after the court had collected, read and considered the texts and cases relevant to the question raised by the petition for writ of prohibition, *Page 57 
counsel for the petitioners and counsel for the respondents other than Judge McGregor, on May 4th, 1955, and at the request of the court, respectively presented further oral argument and thereafter memoranda on the specific question as to the legal sufficiency or insufficiency of the affidavit of disqualification filed by petitioner Frances Farrington Whittemore against Calvin C. McGregor, circuit judge in the court below.
It is the conclusion of this court:
(1) That, as the petition for writ of prohibition alleged personal bias and prejudice of the trial judge and so in effect challenges the competency of the trial court to act further in and decide pending matters in the case below, being said civil number 139, this supreme court has jurisdiction herein and the power to issue a writ of prohibition, by virtue of section 10270, Revised Laws of Hawaii 1945;
(2) The statute being section 9573, supra, must be strictly construed, for the weight of authorities is that it should be thus construed;
(3) The affidavit must be construed:
(a) strictly; and
 (b) according to the Berger case, 255 U.S. 22, to wit, "the reasons and facts for the belief the litigant (affiant) entertains are an essential part of the affidavit, and must give fair support to the charge of a bent of mind that may prevent or impede impartiality of judgment;"
(4) Said section 9573, supra, is substantially the same as the Federal Judicial Code, Section 21, Act March 3, 1911, Chapter 231, 36 Stat. 1090 (U.S.C.A., Title 28, Section 144), so cases construing the latter should be deemed applicable to said section 9573 and said section should be construed or deemed modified accordingly;
(5) To be legally sufficient in the instant case, the *Page 58 
affidavit of litigant Frances Farrington Whittemore, should set forth "reasons and facts" — because of which she entertains her belief — that "give fair support to the charge" of the said trial judge having "a bent of mind that may prevent or impede impartiality of judgment" by him;
(6) In substance — except for conjectures and opinions of the affiant — the affidavit sets forth, as being the reasons and facts for the belief which the affiant entertains, no more than that Judge McGregor has submitted his name for and received the endorsement of the bar association of Hawaii for appointment as a judge of the United States District Court of Hawaii, to succeed a present judge thereof whose term has expired; that Elizabeth Farrington (a litigant adverse to said Frances Farrington Whittemore), is the Delegate to Congress from Hawaii and, as such, is able to further or to hinder the appointment of Judge McGregor to the judgeship for which he has received said endorsement; that Judge McGregor is aware of said ability of Elizabeth Farrington in her said political capacity and is also aware of press reports of her success, in obtaining nominations by the President of the United States of others to judgeships in Hawaii and also in obtaining confirmations by the United States Senate of such nominations; and that the affiant therefore believes that Judge McGregor has a personal bias and prejudice favorable to Elizabeth Farrington as a litigant adverse to said Frances Farrington Whittemore and other litigants in said civil number 139, pending in the lower court before said judge; and
(7) In the Berger case, supra, and likewise in each of several subsequent cases which cited the Berger case as the leading authority, the affidavit contained a statement which, accepted as truth, had definiteness of time and place and character of remarks or actions by the trial judge, and indicated quite definitely "a bent of mind" of *Page 59 
the trial judge that might "prevent or impede impartiality of judgment" by him, but, the affidavit in the instant case, when considered rationally and from a disinterested view-point, has not the same and requisite definiteness of those others and — while reflecting a supposition by the affiant of the judge's bias and prejudice and a disregard of any presumption in favor of his integrity — does not give fair support to a charge that the trial judge has a bent of mind that may prevent or impede impartiality of judgment by him in said civil number 139 which is pending before him in the lower court.
In Henry v. Speer, 201 Fed. 869 (C.C.A. 5th 1913), it was held that upon the making and filing by a party of an affidavit under the provisions of the Federal statute, there is imposed upon the judge the duty of examining the affidavit to determine whether or not it is the affidavit specified and required by the statute and to determine its legal sufficiency. This was cited with approval in Berger v. United States, 255 U.S. 22, at page 32 (1921), and then the court in the latter case said (p. 33), inter alia, "Of course the reasons and facts for the belief the litigant entertains are an essential part of the affidavit, and must give fair support to the charge of a bent of mind that may prevent or impede impartiality of judgment. The affidavit of defendants has that character. The facts and reasons it states are not frivolous or fanciful but substantial and formidable and they have relation to the attitude of Judge Landis' mind toward defendants." Also, in that case (Berger) "* * * the information was of a definite incident, and its time and place were given." Although not cited or mentioned in theBerger case, in Henry v. Harris, 191 Fed. 868 (1912), a case in the United States District Court (S.D. Georgia) it was held that affidavits filed pursuant to the Federal statute (Section 21) must be strictly construed and that the affidavit in such case did not comply *Page 60 
with the statute because nowhere therein was there any allegation that the judge had "personal bias or prejudice." To the same effect was another case which preceded the Berger case, that ofKeown v. Hughes, 265 Fed. 572 (C.C.A. 1st 1920); also, the later case of United States v. 16,000 Acres of Land, Etc., 49 F. Supp. 645 (D. Kansas 1942).
In Scott v. Beams, 122 F.2d 777 (C.C.A. 10th 1941;cert. denied, 315 U.S. 809), it was held that the statute (Jud. Code, § 21, 28 U.S.C.A., § 25) is remedial, but due to its nature and opportunity for abuse, strict compliance with its provisions is exacted and when an affidavit of recusation is filed, it becomes the court's duty to determine the legal sufficiency of the affidavit to comply with the statute on the basis of facts therein stated, and in doing so, the court cannot consider the truth or falsity of facts alleged, but they must be assumed as stated.
The Scott v. Beams case was cited in Inland Freight Lines
v. United States, 202 F.2d 169 (C.C.A. 10th 1953), in which the court said, inter alia: "To warrant disqualification of a judge, the affidavit must contain more than mere conclusions on the part of the pleader. Facts must be pleaded to show that there exists personal bias and prejudice on the part of the trial judge."
In Korer v. Hoffman, 212 F.2d 211 (C.C.A. 7th 1954), the court said, inter alia, "It is settled that a judge whom it is sought to disqualify must treat the matters alleged in the affidavit of prejudice as true. * * * We think all must agree that petitioner's affidavit presented solely a question of law and that respondent's decision refusing to disqualify was one of law, unfettered by any factual dispute. The decision was made in the course of a proceeding of which the court had jurisdiction of the parties and the subject matter. Such being the case, respondent was endowed with the authority and the *Page 61 
power to make a decision right or wrong."
Quoting from the Berger case, supra, in 255 U.S. 22, at page 36, to the effect that to commit to the judge a decision upon the truth of the facts gives chance for the evil against which the section is directed and that the remedy by appeal is inadequate, etc., the court in the Korer v. Hoffman case said, further: "While the utterance just quoted, standing alone and without regard to the circumstances under which it was made, appears to support petitioner's contention, an analysis of the decision plainly demonstrates the fallacy of such reliance. In that case it was the contention of the government that the district court was entitled to consider facts other than those alleged in the affidavit, which contention, if adopted, would have required the judge to determine the facts as a premise for his legal conclusion. The court, however, rejected this contention and decided that the judge must act solely upon the allegations of the affidavit, in other words, accept as true the facts therein alleged. It was in connection with the court's discussion on this point that the statement" (in the Berger
case) "was made." "The court (in the Berger case) was saying no more than that if the government's contention be accepted, the judge's finding as to the facts would on appeal from a final judgment come to the reviewing court fortified by presumptions which ordinarily accompany findings by a district judge. The court, (in the Berger case) however, rejected the government's contention and held that the judge sought to be disqualified was only permitted to decide the question of law arising from facts admitted to be true."
In Fieldcrest Diaries Inc. v. City of Chicago, 27 F. Supp. 258 (N.D. Ill. 1939), it was held, that the facts alleged in an affidavit of bias or prejudice filed against a judge must be "sufficient to fairly convince a sane and reasonable mind" and that in an affidavit of personal bias *Page 62 
or prejudice alleging that affiant, suing the city of Chicago and others, had just been informed that the judge was dominated by the mayor of city of Chicago and by a political organization was insufficient to require that motion for change of venue be granted in absence of allegation as to name of affiant's informant, the time, the place and occasion of statement, of the substance of what was said, and of facts supporting conclusion that judge was dominated as alleged.
In Sanders v. Allen, 58 F. Supp. 417 (S.D. Cal. 1944), the court said, inter alia: "The judge owes it to his oath of office and to the litigant who has invoked the jurisdiction of the court over which he regularly presides not to withdraw from the case, however much his personal feelings may incline him to do so. Benedict v. Seiberling, supra. If the affidavit is legally insufficient, the judge should refuse to disqualify himself, or because the litigant prefers some other judge, and should not abandon the position assigned to him by the sovereign unless required to do so by the law," * * * "It is the duty of the judge not to permit the use of an affidavit of prejudice as a means to accomplish delay and otherwise embarrass the administration of justice. * * * The orderly administration of justice requires that affidavits of personal bias or prejudice of a trial judge filed under the statute be strictly construed so as to prevent abuse, and that they state facts showing personal bias or prejudice of the judge against the affiant."
In Eisler v. United States, 170 F.2d 273 (App. D.C. 1948; cert. granted November 8, 1948, and dismissed November 21, 1949, 338 U.S. 883), the appellate court gave emphasis to the rule "that a sufficient affidavit under the statute (Federal) must state facts and reasons which tend to show personal bias and prejudice regarding the justiciable matter pending and must give support to the charge of a bent of mind that may prevent or impede impartiality *Page 63 
of judgment," citing Berger v. United States, supra, and quoted further: "Accordingly, the question in all such cases is whether the affidavit asserts facts from which a sane and reasonable mind might fairly infer personal bias or prejudice on the part of the judge. * * *"
In United States v. Valenti, et al., 120 F. Supp. 80
(D.N.J. 1954), wherein the affidavit based its conclusion of bias and prejudice on a newspaper statement, the court said (pars. 27, 28, at p. 88): "Affiant while contending for legally sufficient assertion of facts and reasons for a showing of personal bias and prejudice bases her affidavit upon the `cumulative effect of all statements and conduct as herein set forth.' As indicated above, none of the items of the said affidavit are, in the opinion of the court, sufficient legally to sustain the affidavit; and as it is axiomatic, that a whole can be no greater than its component parts, it must fail on this ground also and be stricken. Furthermore, as pointed out hereinbefore, the affidavit to be sufficient must be based upon facts buttressed by reasons, and not a suppositious `cumulative effect,' which is at best a mere conclusion arguendo." The court held that the affidavit was insufficient in law and ordered it stricken.
In Connelly v. United States District Court,191 F.2d 692 (C.C.A. 9th 1951), the court said, inter alia, that: "Here the judge's bias shown is clearly personal, against the petitioner.
"In the cases cited in favor of the judge, it was held that the alleged bias was not `personal bias or prejudice either against him (the affiant) or in favor of any adverse party' in the action, * * *."
The opinion in the Connelly case refers to Price v.Johnson, 9 Cir. 125 F.2d 806, and gives this quotation from page 811 thereof, wherein the same circuit court (ninth) stated: *Page 64 
"The statute requires that the bias or prejudice be `personal.' The allegations of the affidavit, as disclosed by the petition for the writ, do not indicate a `personal' prejudice or bias against the accused, but charge an impersonal prejudice, and go to the judge's background and associations rather than his appraisal of the defendant personally. This is not enough under the statute, and the affidavit must be here held to have been insufficient under the law."
Although several other cases have been read and considered with those supra, such other cases are not severally commented upon herein as they do not affect the weight of authority applicable to the instant case.
Suffice it to say that among the other cases read and considered with those supra are the cases cited by petitioners and in the opinion of this court they, either because of factual bases therefor, or otherwise, are not consonant with the weight of authority applicable hereto and to the factual situation herein.
The affidavit filed in this case was legally insufficient. The trial judge so found and denied the motion for his disqualification and his action is affirmed. The herein petition for writ of prohibition is denied.