**ACTION REALTY CO. et al., Petitioners,**

v.

**Honorable Hubert L. WILL, United States District Judge for the Northern District of Illinois, Respondent.**

No. 18509.

United States Court of Appeals, Seventh Circuit.

June 11, 1970.

George S. Feiwell, James S. Gordon, Chicago, Ill., for petitioner.

Thomas A. Foran, U.S.Atty., Chicago, Ill., for respondent.

Before KILEY, KERNER, and PELL, Circuit Judges.

PER CURIAM.

This is a petition for a writ of mandamus or prohibition to Judge Hubert L. Will, United States District Judge, Northern District of Illinois, in the case of Baker et al. v. F. & F. Investment et al., cause No. 69–C–15. In the *Baker* case approximately two-thirds of the seventy-five defendants filed their affidavit asserting the disqualification of the presiding judge and moved that he preside no further in the cause and that another judge be assigned to hear the action.

The motion for change of venue was properly supported by a good-faith affidavit of counsel, as required by the statute, 28 U.S.C. § 144.

Upon presentation to the court, the motion was overruled following a discussion by the judge of the factual allegations contained in the motion. The court did not deny the truth of the factual allegations but did offer explanations thereof. On well-established authority, the court was entitled to pass upon the sufficiency of the affidavit, but, of necessity, all factual allegations had to be taken as true. Berger v. United States, 255 U.S. 22, 41 S.Ct. 230, 65 L.Ed. 481 (1921).

The court, of course, does not need to consider the allegations that the judge has personal bias and prejudice as being factual allegations as these are only conclusory. As such they need not be persuasive in the court's determination of whether the motion should be granted.

Basically, the motion contends that the petitioners therein are at a double disadvantage in the *Baker* litigation in that the plaintiffs, who are in a class action, are Negroes, and that the judge has a personal bias which is favorable to them. Further, it is asserted that the petitioners are Jewish and that the judge has a personal bias and prejudice against these petitioners.

The factual allegations concern certain exchanges which have occurred between the judge and counsel during preliminary proceedings in the *Baker* case.

There are some well-established controlling principles in the present type of proceeding as to which there is no discernible conflict of authority, at least at the federal level. Thus, the factual allegations of the affidavit must be taken as true. Further, the primary duty of the court is only to determine the legal sufficiency. If the factual allegations show the objectiona-

ble inclination or disposition of the judge, it is his duty to proceed no further. On the other hand, the judge is under as much obligation not to recuse himself when there is no occasion as there is for him to do so when there is.

Notwithstanding the judge's duty to sit when there is no valid reason for recusation, we do observe the following language contained in the concurring opinion of Judge Hastie of the Third Circuit in the case of Green v. Murphy, 259 F.2d 591 (1958) stating (at page 595):

"This does not mean that the trial judge cannot or should not in all of the circumstances of this case, including the understandable indignation and irritation disclosed by his opinion on the question of disqualification, consider whether, however free of bias he may feel, the also important appearance of complete impartiality in the administration of justice would not best be maintained by his stepping aside. Judges from time to time elect not to try cases, which they are sure they can try fairly and objectively, because of their concern to avoid any substantial doubt which circumstances beyond their control may create in the public mind about the impartiality of their administration of justice in the matters at hand. But this consideration must be left to the discretion and sensitive perception of each trial judge in the circumstances of each case. It cannot effectively be controlled by appellate rulings. Certainly it does not involve any mandatory disqualification under Section 144."

We would add to the foregoing salutary pronouncement that no doubt some judges, even though not biased or prejudiced, have denied motions for a new judge simply because of a feeling that to grant the motion could be construed to be an admission of the non-existent ground for disqualification.

This motivation, we feel, should never deter a judge from granting the motion if the over-all administration of justice, and the needs of the particular litigation, are improved thereby. This is the same basic policy which precludes the entering of a compromise and settlement as being considered an admission of liability.

The authorities differ, however, with regard to the remedies available to petitioners when the motion for change of venue is overruled. The Seventh Circuit has followed what has been called the minority rule to the effect that the extraordinary writs of mandamus or prohibition will not be available for review of the trial judge's ruling on the motion for change of venue. Korer v. Hoffman, 212 F.2d 211 (1954); People ex rel. Tinkoff v. Campbell, 212 F.2d 785 (1954).

Petitioners strenuously and sincerely contend that extraordinary circumstances do exist in that the remedy provided for in *Korer* and *Tinkoff*, namely that of an appeal after a trial, will not be adequate because of the extensive and expensive litigation that will be involved before a final judgment is returned in the case below.

Having given careful consideration to all factors involved in this type of proceeding, we are not now prepared to deviate from the precedents of this court that the writ of mandamus is not available in this type of proceeding. At least we are not so persuaded upon the basis of the facts in the petition before us.

We can only assume that all facts on which petitioners base their claim for relief have been set forth in their petition.

Therefore, the petition for writ of mandamus or prohibition is

Denied.