In re JOHNS–MANVILLE CORP., et
al., Debtors.

Bankruptcy Nos. 82 B 11656(BRL)
through 82 B 11676(BLR).

United States District Court,
S.D. New York.

June 29, 1984.

Davis Polk & Wardwell by Lowell Gordon Harriss, Karen E. Wagner and Levin & Weintraub & Crames, New York City, for Johns-Manville Corp.

Hahn & Hessen by George A. Hahn, Steven J. Mandelsberg, New York City, for the Equity Security Holders Committee.

Moses & Singer by Richard W. Brewster, New York City, for the Committee of Asbestos Related Litigants and or Creditors.

Hannoch, Weisman, Stern, Blesser, Berkowitz & Kinney by Anthony J. Marchetta, Newark, N.J., for GAF Corp.

Doros & Blessey, P.C. by Jerrold T. Doros, New York City, for Johnnie Leon Patton and Peter John Robinson.

Anderson, Russell, Kill & Olick, P.C. by Arthur S. Olick, Stephen J. Shimshak, New York City, for Keene Corp.

MEMORANDUM OPINION
AND ORDER

MOTLEY, Chief Judge.

The Asbestos Committee, the GAF Corporation, Peter John Robinson, and Johnnie Leon Patton have moved pursuant to Local Rule 3(j) for reargument of this court's order, 39 B.R. 234, denying leave to appeal the Bankruptcy Court's January 23, 1984 orders. 36 B.R. 727. They have advanced several arguments in support of their motions, all of which are without merit.

■ The Asbestos Committee contends that the Bankruptcy Court's order denying its motion to dismiss Manville's petition should be appealed to permit a district court to review evidence and resolve certain factual issues that were raised and decided below. Appeal for the purpose of reviewing determinations of issues of fact, however, is not within the purview of the controlling statute, 28 U.S.C. § 1292(b), which provides for interlocutory appeal only of an order "involv[ing] a controlling *question of law....*" (emphasis added).

■ In addition, the decision in *Furness v. Lilienfield,* 35 B.R. 1006 (D.Md.1983) does not raise a controlling issue about which immediate appeal may "materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). A reversal on the issue of the timing of the inquiry into the good faith of the filing would not result, in and of itself, in shortening these

proceedings. Indeed, it would actually lengthen them by requiring further hearings on the issue of good faith and would have no bearing with respect to the ultimate determination of the merits of that issue.

Further, there are indications that no different result would follow even if the Bankruptcy Court were to undertake an examination of good faith. In *Furness*, the court reviewed many of the various criteria courts have used to determine good faith. In deciding that the Asbestos Committee failed to establish that Manville had fraudulently filed its petition, the Bankruptcy Court applied a number of the same standards the *Furness* court cited for use in determining the good faith of the filing.

The Bankruptcy Court made its preliminary finding with respect to Manville's financial condition and present debt in response to the Asbestosis Committee's motion to dismiss on the ground of fraud. They were made on the basis of substantial submissions concerning Manville's financial condition. In finding that Manville had a "real debt, real creditors, and a compelling need to reorganize to meet these obligations," the Bankruptcy Court decided only that Manville met the threshold requirements of an eligible debtor under the Code and that its petition for reorganization could proceed at this stage of the proceedings.

Finally, the decision in *In re Comcoach*, 698 F.2d 571 (2d Cir.1983) does not present a controlling issue of law for the purposes of these proceedings. As noted in the original opinion, the Bankruptcy Court expressly declined to rule on the issue of the dischargeability of potential future claims. Any implications based on *Comcoach* one may wish to draw from the Bankruptcy Court's legal representative decision are irrelevant to these motions. The question of dischargeability in fact still is expressly undecided for the purposes of this case despite the status of potential future claimants.

Robinson and Patton essentially raise the same points raised by the other movants which require no further discussion.

Upon review of the submissions of the parties, the court finds no reason to depart from its previous opinion. *Shaitelman v. Phoenix Mutual Life Insurance Co.*, 517 F.Supp. 21, 25–26 (S.D.N.Y.1980) (Pierce, J.).

The movants also ask this court to certify for interlocutory appeal pursuant to 28 U.S.C. § 1292(b) its own order denying leave to appeal the Bankruptcy Court's orders. Certification clearly must be denied because the same standard is applied to determining leave for interlocutory appeal of both the Bankruptcy Court's and this court's orders and precisely the same issues are involved.

For the foregoing reasons, the motions for reargument and the motions for leave to appeal this Court's order are denied. It is

SO ORDERED.