In re JOHNS–MANVILLE
CORPORATION, et al.,
Debtors.

Harold Lloyd WILLIAMS, Appellant,

v.

JOHNS–MANVILLE CORPORATION,
et al., Debtors-Appellees.

No. 84 Civ. 2354 (RWS).

United States District Court,
S.D. New York.

Oct. 5, 1984.

Charles B. O'Reilly, George M. Rosenberg, Aaron H. Simon, Greene, O'Reilly, Agnew & Broillet, Los Angeles, Cal., by Jerrold T. Doros, Doros & Blessey, P.C., New York City, for appellant.

Davis Polk & Wardwell, New York City, for debtors-appellees; Lowell Gordon Harriss, Lynn E. Busath, New York City, of counsel.

Levin & Weintraub & Crames, New York City, for debtors-appellees.

Milbank, Tweed, Hadley & McCloy, New York City, for debtor-appellee Committee of Unsecured Creditors; John J. Jerome, New York City, of counsel.

Hahn & Hessen, New York City, for Equity Security Holders Committee; George A. Hahn, Steven J. Mandelsberg, Barry M. Schkolnick, New York City, of counsel.

Wolf, Popper, Ross, Wolf & Jones, New York City, for debtor-appellee Creditors Committee.

U.S. Trustee for the Southern Dist. of New York, by Cornelius Blackshear, U.S. Trustee.

## OPINION

SWEET, District Judge.

This is an appeal arising out of the bankruptcy proceedings of Johns-Manville Corporation and its affiliated debtors (collectively "Manville"). Harold Lloyd Williams ("Williams") has appealed from the Bankruptcy Court's denial of his motion pursuant to 28 U.S.C. § 455(b)(5)(i) and (iii) to disqualify Bankruptcy Judge Burton R. Lifland from presiding over the Mansville bankruptcy cases. For the reasons set forth below, the decision of the Bankruptcy Court is affirmed.

### Prior Proceedings

On August 26, 1982, Manville filed for reorganization under Chapter 11 of the Bankruptcy Code because of the projected cost of present and anticipated asbestos-related personal injury lawsuits. The United States Trustee for the Southern District of New York appointed the Committee of Unsecured Creditors, the Equity Security Holders Committee, the Committee of Asbestos-Related Litigants and/or Claimants, and a committee of co-defendants. In addition, the Creditors Committee for Asbestos-

Related Property Damage School Claimants was organized pursuant to section 1109(b) of the Bankruptcy Code.

On January 23, 1984, the Bankruptcy Court granted a motion brought by Keene Corporation, a co-defendant of Manville in a number of asbestos-related lawsuits, for the appointment of a legal representative for future asbestos claimants. Such claimants were defined to be:

> all persons and entities who on or before August 26, 1982, came into contact with asbestos or asbestos-containing products, mined, fabricated, manufactured, supplied or sold by Manville and who have not yet filed claims against Manville for personal injuries or property damages.

*In re Johns-Manville Corp.*, 36 B.R. 743 (Bankr.S.D.N.Y.1984). The Bankruptcy Court concluded that "future asbestos claimants" were parties in interest under section 1109(b) of the Bankruptcy Code and concluded that appointment of a legal representative to protect unspecified substantive rights of "future asbestos claimants" was appropriate. The Bankruptcy Court left for future determination "the precise form and function of the legal representative to be appointed." *Id.* at 759. Appeals of the January 23, 1984 decision and order of the Bankruptcy Court were dismissed as interlocutory. *In re Johns-Manville Corp.*, 39 B.R. 234, *reargument denied*, 39 B.R. 998 (S.D.N.Y.1983).

On February 5, 1983, Williams, a present asbestos victim who had a suit pending against Manville on August 26, 1982, filed a motion to disqualify Bankruptcy Judge Lifland pursuant to 28 U.S.C. § 455 and Bankruptcy Rule 5004. Williams asserted two grounds for disqualification: (1) that the Bankruptcy Judge is a party to the bankruptcy proceedings, and (2) that the Bankruptcy Judge knows that he has an interest that would be substantially affected by the outcome of these proceedings. In support of the motion, Williams submitted a joint affidavit of three members of the law firm representing him. The affiants asserted, on information and belief, "that Bankruptcy Judge Burton Lifland was exposed to Manville's asbestos in New York City and other locations prior to August 26, 1982, and is at risk of developing an asbestos-related disease. Affiants are informed and believe and thereupon allege that Bankruptcy Judge Burton Lifland is a 'future claimant' as that term is defined by the Court." Joint Affidavit of Charles B. O'Reilly, George M. Rosenberg & Aaron H. Simon in Support of Harold Lloyd Williams' Motion to Disqualify Judge Burton R. Lifland.

Following a hearing on February 27, 1984, the Bankruptcy Court denied the disqualification motion from the bench, stating:

> I find that the motion is factually unfounded and devoid of substantive fact.
>
> That the allegations made by a [sic] movants profess on information and belief without disclosure of any source of their information and belief.
>
> Furthermore, the allegations are with respect to matters that are perhaps within that Court's own knowledge, and this Court has no such knowledge as is implied by the affidavits.
>
> So I am going to deny the application. And it does appear that it is brought frivolously, without merit, and under the circumstances, appropriately, it is cut short at this juncture.

Hearing Transcript at 21.

**Scope of Appellate Review**

Williams instituted this appeal pursuant to 28 U.S.C. § 1334(a) which provides that "[t]he district courts ... shall have jurisdiction of appeals from all final judgments, orders, and decrees of bankruptcy courts." Since an order denying a motion to disqualify is not a final order appealable as of right, *see e.g., Dubnoff v. Goldstein*, 385 F.2d 717, 721 (2d Cir.1967); *Rosen v. Sugarman*, 357 F.2d 794, 796 (2d Cir.1966); *In re Corrugated Container Antitrust Litigation*, 614 F.2d 958, 960–61 (5th Cir.1980), *cert. denied sub nom., Mead Corp. v. Adams Extract Co.*, 449 U.S. 888, 101 S.Ct. 244, 66 L.Ed.2d 114 (1980), the proper procedure would have been to file a

motion for leave to appeal. Bankruptcy Rules 8001(b), 8003. In the interests of justice and a prompt disposition of this matter, the court will treat Williams' notice of appeal as a motion for leave to appeal, Bankruptcy Rule 8003(c), and grant leave to appeal pursuant to 28 U.S.C. § 1334(b).

■ The scope of appellate review of the denial of a motion under 28 U.S.C. § 455 to disqualify is whether the lower court abused its discretion. *E.g., In re Federal Skywalk Cases,* 680 F.2d 1175, 1183 (8th Cir.), *cert. denied sub nom., Stover v. Rau,* 459 U.S. 988, 103 S.Ct. 342, 74 L.Ed.2d 383 (1982); *Weingart v. Allen & O'Hara, Inc.,* 654 F.2d 1096, 1107 (5th Cir.1981); *United States v. Sibla,* 624 F.2d 864, 969 (9th Cir.1980); *Blizard v. Frechette,* 601 F.2d 1217, 1221 (1st Cir.1979); *Mayberry v. Maroney,* 558 F.2d 1159, 1162 (3d Cir.1977); *In re Casco Bay Lines,* 17 B.R. 946, 953 (1st Cir.B.A.P.1980); *In re Bokum Resources Corp.,* 26 B.R. 615, 621 (D.N.M. 1982). *See also* H.R.Rep. No. 93–1453, 93rd Cong., 2d Sess., *reprinted in* 1974 U.S.Code Cong. & Admin. News, pp. 635, 6355.

Williams concedes that the "clearly erroneous" standard of appellate review is the normal standard for appeal from the denial of a disqualification motion. Nonetheless, he seeks an evidentiary hearing and a *de novo* determination of whether Bankruptcy Judge Lifland should be disqualified under Emergency Bankruptcy Rule I(e)(2)(B), which provides:

**(e) District Court Review**

(2)(B) In conducting review, the district judge may hold a hearing and may receive such evidence as appropriate and may accept, reject, or modify, in whole or in part, the order or judgment of the bankruptcy judge, and need give no deference to the findings of the bankruptcy judge. At the conclusion of the review, the district judge shall enter an appropriate order or judgment.

■ While Emergency Bankruptcy Rule I empowers a court to receive evidence and consider matters *de novo,* it does not require a court to do so. Moreover, on July 10, 1984 Congress enacted new legislation, the Bankruptcy Amendments and Federal Judgeship Act of 1984, Pub.Law 98–353, *reprinted in* Bankr.L.Rep. (CCH) No. 126 (July 16, 1984), in response to *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.,* 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982). Among other things, Public Law 98–353 amends Title 28 of the United States Code by adding a new chapter entitled "Chapter 6—Bankruptcy Judges." Section 158 of new Title 28 chapter 6 provides in pertinent part:

**§ 158. Appeals**

(a) The district courts of the United States shall have jurisdiction to hear appeals from final judgments, orders, and decrees, and, with leave of the court, from interlocutory orders and decrees, of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title. An appeal under this subsection shall be taken only to the district court for the judicial district in which the bankruptcy judge is serving.

\* \* \* \* \* \* ·

(c) An appeal under subsection (a) and (b) of this section shall be taken in the same manner as appeals in civil proceedings generally are taken to the courts of appeal from the district court and in the time provided by Rule 8002 of the Bankruptcy Rules.

This appeal is therefore subject to the normal standard of appellate review, and Williams is not entitled to an evidentiary hearing or a *de novo* determination of the disqualification motion.

**The Motion to Disqualify**

■ Bankruptcy Rule 5004 makes 28 U.S.C. § 455 applicable to bankruptcy judges. Section 455 provides, in pertinent part:

(a) Any justice, judge or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

(b) He shall also disqualify himself in the following circumstances:

(5) He ...

 (i) Is a party to the proceeding, ...

 (iii) Is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding ...

While there is no express requirement in section 455 that a motion to disqualify be timely, it is settled in this Circuit that a timeliness requirement is implicit in the statute. *See In re International Business Machines Corp.,* 618 F.2d 923, 932 (2d Cir. 1980); *United States v. Daley,* 564 F.2d 645, 651 (2d Cir.1977), *cert. denied,* 435 U.S. 933, 98 S.Ct. 1508, 55 L.Ed.2d 530 (1978).

Williams did not bring the disqualification motion until nearly 18 months after the commencement of the bankruptcy proceedings. He argues that the motion was not untimely because "future asbestos claimants" had no status or interest in the bankruptcy proceeding until the January 23, 1984 order of the Bankruptcy Court. Williams concedes, however, that the future claimants issue has existed from the beginning of the bankruptcy proceeding.

In effect, Williams argues that Bankruptcy Judge Lifland became a party to the proceedings because of his decision to appoint a legal representative for future claimants. Had the Bankruptcy Judge denied the motion to appoint a legal representative, which Williams opposed, Williams would not have made the motion to disqualify. The legislative history of section 455 specifically cautions that "each judge must be alert to avoid the possibility that those who would question his impartiality are in fact seeking to avoid the consequences of an expected adverse decision." H.R.Rep. No. 1453, 93d Cong., 2d Sess., *reprinted in* 1974 U.S.Code Cong. & Ad.News 6351, 6355. In this case, Williams apparently delayed bringing the disqualification motion until after the Bankruptcy Judge had issued an adverse decision.

 Even if the disqualification motion were timely, Williams' showing was factually and legally insufficient. A party moving to disqualify a judge must "establish clearly and convincingly" that disqualification is warranted. *United States v. International Business Machines Corp., supra,* 618 F.2d at 931. Disqualification under section 455(a) must rest upon a factual basis. *United States v. Corr,* 434 F.Supp. 408, 412–413 (S.D.N.Y.1977). As the Honorable Edward Weinfeld stated:

The test under that provision is not the subjective belief of the defendant or that of the judge, but whether facts have been presented that, assuming their truth, would lead a reasonable person reasonably to infer that bias or prejudice existed, thereby foreclosing impartiality of judgment. The claim must be supported by facts which would raise a reasonable inference of lack of impartiality on the part of the judge in the context of the issues presented for his consideration.

*Id.*

 A motion to disqualify must set forth facts. *E.g., In re United States,* 666 F.2d 690, 695 (1st Cir.1981); *Blizard v. Frechette,* 601 F.2d 1217, 1221 (1st Cir. 1979) (movant must show "by some kind of probative evidence" that there is "some reasonable factual basis"); *United States v. Cowden,* 545 F.2d 257, 265 (1st Cir.1976), *cert. denied,* 430 U.S. 909, 97 S.Ct. 1181, 51 L.Ed.2d 585 (1977) (charges must be "grounded on facts that would create a reasonable doubt—in the mind of the reasonable man"); *In re Parr,* 13 B.R. 1010, 1019 (E.D.N.Y.1981) ("judge must hear cases unless a 'reasonable factual basis' is demonstrated through probative evidence" to support disqualification).

 The affidavit submitted by Williams in support of his motion below contained no facts, only the conclusory allegation, on information and belief, that Bankruptcy Judge Lifland had been exposed to Manville asbestos prior to August 26, 1982. A motion to disqualify based solely on conclusory allegations should be denied. *E.g., Cleveland v. Krupansky,* 619 F.2d 576, 578 (6th Cir.), *cert. denied,* 449 U.S. 834, 101 S.Ct. 106, 66 L.Ed.2d 40 (1980); *Action Realty Co. v. Will,* 427 F.2d 843, 844 (7th Cir.1970) (28 U.S.C. § 144). The affiants

made no effort, either in the affidavit or at the hearing, to identify the source of their information and belief, and Bankruptcy Judge Lifland specifically denied knowledge of the truth of their allegations.[1]

In connection with this appeal, Williams offers data to demonstrate that from approximately the mid-1970's until the 1980's, the United States District Courthouse underwent extensive renovation during which asbestos, and in particular chrysotile, became airborne and remained in the building. Williams also asserts that Bankruptcy Judge Lifland has been exposed to asbestos fibers virtually every day for the last 26 years as a result of living and working in New York City.

The only case cited by Williams in support of his motion to disqualify Bankruptcy Judge Lifland is *Van Holzshuh v. Carmen,* No. C–84–0259 (N.D.Cal. Jan. 25, 1984). In *Van Holzshuh,* the plaintiffs, employees who worked in the federal building in San Francisco, alleged that removal of asbestos containing materials in the course of remodeling the 7th and 8th floors of the building created airborne asbestos fibers. Since the court was located on the 18th floor of the same building, it disqualified itself and referred the matter to the Chief Judge for assignment to an out-of-district judge.

■ *Van Holzshuh* is distinguishable from this case because the judge shared the same workplace as the plaintiffs and the same risk. Here, Williams seeks to disqualify Bankruptcy Judge Lifland based, among other things, on the generalized assertion that "the lungs of longtime New York City residents invariably contain asbestos fiber of a form mined and sold predominately by MANVILLE." Williams Br. at 28. Williams' argument would disqualify every judge in the Southern District of New York from presiding over the Manville bankruptcy and, carried to its extreme, could invoke the "Rule of Necessity," which prohibits disqualification of a judge on grounds that would prevent any judge from deciding a controversy. *See United States v. Will,* 449 U.S. 200, 210–27, 101 S.Ct. 471, 478–86, 66 L.Ed.2d 392 (1980).

■ For the foregoing reasons, the Bankruptcy Court properly denied the motion. In view of the lack of timeliness and legal insufficiency of the disqualification motion, the court need not reach the other arguments made in favor of affirmance, including whether a "party in interest" under 11 U.S.C. § 1109(b) is the equivalent of a "party to the proceedings" as used in 28 U.S.C. § 455(b)(5)(i). Accordingly, the decision of the Bankruptcy Court is affirmed.

**IT IS SO ORDERED.**

---

1. Section 455(b)(5)(iii) requires disqualification only if the judge, or a person related to the judge "[i]s *known by the judge* to have an inter-est that could be substantially affected by the outcome of the proceeding." 28 U.S.C. § 455(b)(5)(iii) (emphasis added).