**Andrew WILSON, Plaintiff,**

v.

**CITY OF CHICAGO, Jon Burge, Patrick O'Hara, and John Yucaitis, Defendants.**

**No. 86 C 2360.**

United States District Court, N.D. Illinois, E.D.

May 4, 1989.

See also 707 F.Supp. 379.

John L. Stainthorp, People's Law Office, Chicago, Ill., for plaintiff.

James P. McCarthy, Asst. Corp. Counsel, Judson H. Miner, Corp. Counsel, William J. Kunkle, Jr., Phelan, Pope & John, Chicago, Ill., for defendants.

## MEMORANDUM OPINION

BRIAN BARNETT DUFF, District Judge.

Andrew Wilson has asked this court for a recusal pursuant to 28 U.S.C. §§ 144 and 455 (1982). After a lengthy hearing on the merits, this court denied the motion. The court takes this opportunity to explain the reasons for its denial, as Wilson's motion raises serious questions of proper procedure and substantial justice under the federal Constitution and the Judicial Code.

Section 144 of the Code states:

When a party to any proceeding in a district court makes and files a timely affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

Section 455(a) states: "Any ... judge ... of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Section 455(b)(1) further provides: "He shall also disqualify himself ... [w]here he has a personal bias or prejudice concerning a party...."

The initial question is whether a party may seek recusal under either provision of § 455. Unlike § 144, § 455 does not provide a procedure by which a party can ask a judge to step aside. The language of § 455 suggests that rather than providing a means of relief for parties suffering from bias, it is a self-executing standard of conduct for the judiciary. Both § 455(a) and § 455(b)(1) state that the judge "shall disqualify himself." There is no trigger for disqualification, unlike that in § 144. These differences, plus the legislative history of the two statutes, prompted the court in *State of Idaho v. Freeman*, 507 F.Supp. 706, 722–23 (D.Idaho 1981), to hold that a party's sole right under § 455 is to raise the question of impartiality. See also *United States v. Sibla*, 624 F.2d 864, 868 (9th Cir.1980); *Davis v. Board of*

*School Com'rs of Mobile County,* 517 F.2d 1044, 1051–52 (5th Cir.1975). Unlike § 144, § 455 does not grant a party the right to have the proceeding sent to another judge. As the *Freeman* court noted, after a careful and exhaustive analysis of the issue, to apply the procedures of § 144 to § 455 would amount to judicial amendment of a carefully drafted statute. See *Freeman,* 507 F.Supp. at 712–23.

This court will thus treat Wilson's motion as raising the question of this court's impartiality to the court for its own consideration. Wilson claims that this court's prejudice is indicated by numerous events. Wilson's allegations suffer with respect to these events from several deficiencies, as the defendants properly noted in the hearing on this matter. Several are factually wrong. Others are distortions of facts which, in their undistorted form, do not raise a reasonable question of impartiality. Other allegations which, if true, arguably would create an inference of bias are effectively moot or have been waived, as Wilson's attorneys refused to seek a mistrial or recusal at the time they occurred—even when this court directed them to make such a motion if appropriate. The court finds no facts which indicate partiality on the part of the court, and it continues to believe that it is not personally biased or prejudiced against any of the parties to this proceeding. The court thus will not disqualify itself under § 455.

Unlike § 455, § 144 allows a party to move for recusal in a timely fashion. Wilson has submitted an affidavit stating the facts and reasons for his belief that bias or prejudice exists, and his attorney has certified that Wilson's has moved in good faith. Since Congress enacted § 144 to ensure due process in the federal courts, see *United States v. Sciuto,* 531 F.2d 842, 845 (7th Cir.1976), this court is limited in what it can do when considering this motion. As the Seventh Circuit noted in *Action Realty Co. v. Will,* 427 F.2d 843, 844–45 (7th Cir.1970), when proceeding on the motion the district court must take the allegations of the affidavit as true, and determine if the affidavit is legally sufficient to warrant a transfer. Two factors are important under § 144 when assessing the legal sufficiency of Wilson's affidavit: whether the allegations indicate bias or prejudice, and whether he has filed his affidavit in a timely manner.

■ The court will examine the issue of the affidavit's timeliness first. Wilson moved for recusal on April 11, 1989—one day prior to the scheduled date of a retrial of his claims against the defendants, and the same day that this court scheduled argument on various post-trial (from the first trial) and pre-trial (for the second trial) motions. Section 144's phrase "the beginning of the term at which the proceeding is to be heard" is admittedly curious. Congress abolished formal terms several years ago. See 28 U.S.C. § 138. Nevertheless, giving Wilson the benefit of legislative ambiguity, and assuming that the "proceeding" in this case is Wilson's new trial, Wilson did not file his affidavit ten days in advance of the proceeding. Wilson argues that his attorneys indicated to the court that they were going to file this motion ten working days prior to the start of the trial, but the fact remains that Wilson did not comply with the ten-day filing requirement of § 144 on this motion. Wilson has not challenged the wisdom of this requirement, or Congress's power to enact it, and thus this court will enforce it as written.

This does not leave Wilson without means of questioning the impartiality of this court. Section 144 allows a party to proceed with his or her motion for recusal once he or she shows good cause for failure to file it within the ten-day period. Wilson argues that he has cause: his attorneys could not present him with an affidavit for his signature until five working days before trial. Wilson attributes this delay to this court's order limiting his appearances at his trial.

The difficulty with Wilson's argument is that this court never prevented anyone from visiting Wilson and presenting his affidavit to him sooner. This is significant, as most of the actions described in Wilson's affidavit occurred in February and early March. Had they indicated bias or preju-

dice to Wilson's lawyers then, they were under a duty to alert Wilson to it and move for recusal at that time. See *United States v. Patrick*, 542 F.2d 381, 390 (7th Cir.1976) ("The law is well settled that one must raise the disqualification of the judge at the earliest moment after knowledge of the facts demonstrating the basis for such disqualification.") That Wilson's lawyers progressed with their client's case in the knowledge of these facts suggests either that they were remiss in protecting Wilson's right to due process, they themselves are responsible for the delay in filing his present affidavit, or that they did not feel that there was prejudice.

This court thus holds that Wilson has not demonstrated good cause for filing his affidavit less than ten days before trial. Wilson argues that this elevates procedure over substance: that if a judge is biased, he is biased regardless of when someone points it out. This contention has metaphysical appeal, but this case demonstrates the substantive content of a "mere" procedure: if the court was biased, its bias would have been apparent long ago, and Wilson easily could have surmounted the procedure which bars him now. Wilson's failure to articulate a single good cause for filing his affidavit so late suggests that he may have interposed his motion for other purposes besides securing an impartial arbiter.

█ Even if this court were to find that Wilson timely filed his affidavit, the court will still have to deny the motion for failure to allege bias or prejudice sufficiently. The court is quite familiar with the incidents recounted in Wilson's affidavit. They were the subject of many sidebar conferences and hearings in chambers. When they did not occur on the record, counsel made it a point to place them in later.

The court will not presume to contradict Wilson's interpretations of these incidents. As the court in *Action Realty* instructed, this court must treat Wilson's factual allegations as true.[1] What Wilson does not state, however, is that the court on several occasions offered his lawyers the opportunity to seek a mistrial or otherwise move to disqualify the court. The most recent of these offers came after all of the events described in Wilson's affidavit. What is curious is that Wilson's lawyers did not avail themselves of any of these opportunities to rescue their case from the court they now claim is biased. Instead, they let the trial proceed to its conclusion.

The court can come to only one of two conclusions on these facts: either these facts do not amount to bias, or else Wilson's attorneys chose to waive his objections. Either way, Wilson's affidavit is undercut, and the court thus cannot rule that it sufficiently presents grounds for recusal. Had it not been for these waivers, the court would have given greater weight to some of Wilson's accusations.[2] But now these allegations do not merit that weight. Wilson cannot sit on facts which he believes indicate bias, await the outcome of his case, then confront the court with allegations of bias when that outcome is disappointing.

For these reasons and those stated in open court on April 11, 1989, the court has denied Wilson's motions for recusal under 28 U.S.C. §§ 144 and 455.

---

1. The court notes, however, that most of what Wilson reports is hearsay.

2. The court, however, need not have considered Wilson's objections to this court's rulings. The law is clear that a party should present his objections to a court's rulings of law to the court of appeals, and not to the district court by means of a motion to recuse. See, for example, *United States v. English*, 501 F.2d 1254, 1263 (7th Cir.1974); *United States v. Amick*, 439 F.2d 351, 369 (7th Cir.1971). The court also need not have considered events reflecting observations which the court reached on facts which the court learned in its judicial capacity. See *Patrick*, 542 F.2d at 390 n. 10; *English*, 501 F.2d at 1263.